IN THE MATTER OF URDIX MARLIN EWING.

[No. 1071S312. Filed June 12, 1972.]

*John Burley Scales, Scales & Long,* of Boonville, for respondent.

*John B. Ramming,* Executive Secretary, Disciplinary Commission, of Indianapolis, for Indiana Supreme Court Disciplinary Commission.

PER CURIAM.—This case comes to us as a result of an action filed by the Disciplinary Commission of this Court against Urdix Marlin Ewing, a practicing attorney of this state. The petition asks for the disbarment of the attorney pursuant to our Rules. We appointed the Honorable Addison M. Beaver as a Commissioner to hear the charges accordingly.

The Commissioner, after a hearing and notice to the opposing party filed a report with this Court in words and figures as follows:

## COMMISSIONERS PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

Comes now your Commissioner, Addison M. Beavers, duly assigned and appointed in the above captioned matter, pursuant to "Old" Admission and Discipline Rule 26, of the Supreme Court of Indiana, and in accordance with the order of appointment as commissioner, respectfully makes and submits his findings of facts and recommendations.

This matter was filed as an information under Rule A.D. 23 of the Supreme Court of Indiana by the Disciplinary Commission of the Supreme Court of Indiana. On the issues joined by the Information and the Answer of the Respondent, your

Commissioner gave notice to the Executive Secretary of the Disciplinary Commission of the Supreme Court and the Respondent that your Commissioner would hear evidence on this matter on January 25, 1972, in the Court House of Warrick County, Indiana commencing at 9:00 A. M.

On said date, your Commissioner heard evidence on the issues raised by the Information and the Respondent's answer and at the request of the Respondent, your Commissioner granted the Respondent the opportunity to be examined by a Psychiatrist and file the report of Psychiatrist within sixty days, with the opportunity of the parties to request further evidence on the matters contained in the report.

The report of Dr. Milton Anderson, the Psychiatrist who examined the Respondent, was sent to the Commissioner on February 14, 1972. Since that time, no request has been made by the Disciplinary Commission or the Respondent and your Commissioner now makes the following findings of fact:

1. That Urdix Marlin Ewing was duly admitted to practice law in the State of Indiana by the Indiana Supreme Court on June 5, 1953. The Respondent admits this by his answer. In addition, the report of the Board of Law Examiners and the oath of the Respondent were filed by the Disciplinary Commission as exhibits.

2. The second paragraph of the Information for the Revocation of Admission to Practice Law charges that the Respondent is guilty of misappropriation of funds of his client, one Tonya Little, and of converting said funds to his own use.

Your Commissioner finds that Urdix Marlin Ewing represented Tonya Little's husband in a divorce action, and that he was paid the sum of one hundred seventy-five dollars ($175.00) as attorney fees for the attorney for Tonya Little, one Norman Hay, an attorney at Cannelton, Indiana pursuant to an order of the Perry Circuit Court and that Respondent deposited said sum of money in his own account; that after Mr. Hay threatened to file contempt proceedings against Mr.

Little, Respondent gave Mr. Hay his personal check, which on presentation to the bank, was returned marked Insufficient Funds; and that Urdix Marlin Ewing has never accounted to his client or to Tonya Little or to Norman Hay for any of said sum of money so entrusted to him, and that the charge is true except for the name of his client.

3. The charge contained in the third rhetorical paragraph is that Urdix Marlin Ewing is guilty of misappropriation of funds of his client, one William Gibson, and converting said funds to his own personal use.

Your Commissioner finds that Urdix Marlin Ewing collected seventy-five dollars ($75.00) from the mother of William Gibson, twenty-five dollars ($25.00) of which was a retainer fee, and fifty dollars ($50.00) was a bond. Your Commissioner further finds that William Gibson was not required to give bond, either in Justice of Peace Court, where the charges were to have been heard originally, or in the Perry Juvenile Court where the case against William Gibson was heard, but that Urdix Marlin Ewing failed to return the bond money but converted it to his own use, and that the charge is true.

4. The charge contained in the fourth rhetorical paragraph is that Urdix Marlin Ewing is guilty of misappropriation of funds of his client, Roger Hahus.

Your Commissioner finds that Urdix Marlin Ewing collected a like sum from Roger Hahus as from the mother of William Gibson, fifty dollars ($50.00) of which was for bond, and that no bond was required, but that Urdix Marlin Ewing failed to return said fifty dollars ($50.00) bond money but converted it to his own use, and that the charge is true.

5. The charge contained in the fifth rhetorical paragraph of the Information is that Urdix Marlin Ewing is guilty of misappropriation of funds of his client, Ada Rutledge, and of converting it to his own use.

Your Commissioner finds that Urdix Marlin Ewing was paid the sum of Two Hundred Fifty Dollars ($250.00) to file

a suit for divorce for Ada Rutledge in Vanderburgh County. After more than a month's delay, Ada Rutledge called the Respondent, and was told her case would be heard the next week. The day before the suggested hearing date, the client called the Respondent to ask what to do, and was told the case had been put off for a week, but to appear at a certain time in the Vanderburgh Probate Court for the preliminary hearing. Ada Rutledge appeared, and after considerable delay, found that her case had not been filed. On contacting Respondent, he told her the case was on file, when he knew it was not. Your Commissioner finds that the Respondent, Urdix Marlin Ewing, neither filed the suit for divorce, nor returned the Two Hundred Fifty Dollars ($250.00) to Ada Rutledge or her father, but converted it to his own use, and that the charge in this rhetorical paragraph is true.

6. The charge contained in the sixth rhetorical paragraph of the Information is that an action was brought in the Perry Circuit Court charging him with malpractice and a judgment was rendered in the amount of $20,550.00 against Urdix Marlin Ewing, and that he has failed to comply with the order of the Court for payment of money on a proceeding supplemental to execution. The Respondent admits the judgment but denies that he has failed to comply with order to pay.

Your Commissioner finds that Urdix Marlin Ewing was ordered to pay 10% of all over $15.00 per week of earnings to the Clerk of the Perry Circuit Court in proceedings supplemental to execution on said judgment, and that all payments were made, but that reporting and payment were repeatedly made only after a threat of contempt proceedings, but that no contempt was ever found against the Respondent, Urdix Marlin Ewing.

7. The charge contained in the seventh rhetorical paragraph of the Information is that Urdix Marlin Ewing was, on the 20th day of September, 1963, convicted upon his plea of guilty of the offense of, during the calendar year of 1956,

having received an adjusted gross income of Five Thousand, Five Hundred Forty-seven Dollars and Thirty-three cents ($5,547.33) and did wilfully and knowingly fail to make an income tax return to the District Director of the Internal Revenue, or to any other offices of the United States, on or before April 15, 1957, in violation of Section 7203, Internal Revenue Code of 1954.

The Respondent, Urdix Marlin Ewing, admits this charge and states that he was sentenced to, and served sixty days in the Vanderburgh County Jail on said charge.

8. Your Commissioner finds that Urdix Marlin Ewing is guilty of misappropriation of clients' funds on the four occasions set out above and that in one occasion he co-mingled his clients' funds with his own in violation of Canon 11 of the Canons of Professional Responsibility of the American Bar Association and in violation of his oath as an Attorney.

9. Your Commissioner further finds that Urdix Marlin Ewing failed to follow the order of the Perry Circuit Court in promptly reporting his earnings and paying money under proceedings supplemental to execution on a judgment obtained against him and did so only after repeated promptings by the Judge of the Perry Circuit Court, which, while not as serious as the other charges against him, does not show that respect due the Courts of Justice which should be shown by an officer of the Court and which was required by his oath of office.

10. Your Commissioner further finds no mitigating circumstances in the medical report filed by Dr. Milton H. Anderson.

RECOMMENDATION:

Your Commissioner has accepted the responsibility of serving in this case very reluctantly. It is always regrettable to have to sit in judgment in disbarment proceedings, and it is especially painful in this instance. Your Commissioner has

served as a neighboring trial judge with the Respondent during the time respondent held the office of Judge of the Perry Circuit Court. Your Commissioner has served as Special Judge by appointment of Respondent and has appointed Respondent as Special Judge in his Court. In addition, Your Commissioner has been Judge in cases where Respondent was one of the attorneys, both in Perry County and Warrick County. Your Commisioner also knew Respondent's father when he was Judge of the Perry Circuit Court and held both father and son in high esteem. However, in deference to the duty placed on me by the Supreme Court of Indiana, and in response to my oath in this proceedings, I have listened to the evidence presented and made my findings and recommendations solely on them.

The failure to file an Income Tax Return for 1956 is reprehensible and enough to cause recommendation for disbarment unless there are mitigating circumstances to limit it to a suspension of license for a specific period of time. In this instance, there was mitigation in that the government lost no tax money, since the taxes were recovered by withholding.

The failure to comply with the orders on proceeding supplemental to execution standing alone would not be sufficient to warrant a recommendation for suspension or disbarment, since the Perry Circuit Court had an adequate remedy if it had used it.

However, the co-mingling of clients' funds with Respondent's own, and the failure to account for funds and conversion of the same to Urdix Marlin Ewing's own use as found in paragraphs 2, 3, 4, and 5 are matters that cannot be lightly overlooked, when added to the failure to file Federal Income Tax reports, and the slowness to comply with the orders on proceedings supplemental to execution;

IT IS THEREFORE THE RECOMMENDATION OF YOUR COMMISSIONER that the name of Urdix Marlin

Ewing be stricken from the role of attorneys licensed to practice law in the State of Indiana.

Addison M. Beavers,
Commissioner of the Supreme Court
of Indiana

DATED this 5th day of May, 1972.

The Court, having examined said report, and no exceptions or objections having been filed thereto, the same is now in all things approved and the said Urdix Marlin Ewing is now disbarred as an attorney at law of this state and prohibited from the practice of law in this state and his name is ordered stricken from the Roll of Attorneys authorized to practice law in this state.

NOTE.—Reported in 283 N. E. 2d 536.