## IN THE MATTER OF WLLIAM I. UNDERWOOD.

[No. 372S30. Filed September 13, 1972.]

*William I. Underwood,* pro se, of Indianapolis, for respondent.

*John B. Ramming,* of Indianapolis, for Indiana Supreme Court Disciplinary Commission.

PER CURIAM.—This case comes to us as a result of an action filed by the Disciplinary Commission of this Court against William I. Underwood, a practicing attorney of this state. The petition asks for the disbarrment of the attorney pursuant to our Rules. We appointed the Honorable F. E. Rakestraw as hearing officer to hear the charges accordingly.

Said hearing officer, after a hearing and a notice to the opposing party filed his Findings of Fact and Recommendations with this Court which are in the words and figures as follows:

### FINDINGS OF FACT AND RECOMMENDATIONS
### OF HEARING OFFICER

The undersigned, heretofore appointed by this Court as Hearing Officer and Judge in the above entitled cause under

the provisions of Admission and Discipline Rule No. 23 of this Court, respectfully reports to this Court as follows.

The Disciplinary Commission of this Court filed a verified complaint against the respondent in this Court on March 21, 1972. The undersigned was appointed as Hearing Officer and Judge on March 21, 1972, and filed his oath and assumed jurisdiction on March 28, 1972. The respondent was served with a summons and a copy of the verified complaint on April 24, 1972. The undersigned set the cause for hearing on Thursday, June 15, 1972, at 10:00 a.m., and a copy of the notice of hearing was served on the respondent on May 31, 1972. The respondent did not appear at any stage of the proceedings, and filed no pleadings or responses on his behalf.

The cause was submitted for hearing on Thursday, June 15, 1972, at 10:00 a.m. in the office of the Disciplinary Commission of this Court at room 814, I.S.T.A. Bulding, 150 West Market Street, Indianapolis, Indiana. The transcript of the evidence taken on the hearing is filed with these findings and recommendations.

From the evidence, the Hearing Officer finds the facts to be as follows:

1. That the respondent represented the estate of Mary Frances McCauley. That most of the property involved was joint property over which administration would not be necessary. That the respondent caused relatives of Mary Frances McCauley to give him two checks payable for Eight Hundred Seventy-two Dollars and Forty-seven Cents ($872.47) and Nine Hundred Nineteen Dollars and Forty-seven Cents ($919.47), respectively, one supposedly for attorney's fees and the other supposedly for inheritance tax. The only property which would normally have been subject to probate was an insurance policy in the amount of Seven Hundred Dollars ($700.00), and the normal attorney's fees would not have exceeded Two Hundred Fifty Dollars ($250.00). The respond-

ent did not complete the administration of the estate. The respondent did cash the two checks and put the proceeds to his own use. Restitution was finally made by the respondent's brother after pressure was brought through the Marion County Probate Court.

2. The respondent represented the guardianship for one Mary Whitney, a minor widow. He had the guardian turn over to him two checks from Century Oil Company made out to the estate of the ward's deceased husband in the amount of Sixteen Hundred Dollars ($1600.00). This money was apparently put by the respondent to his own use. After complaint was made through the Marion County Probate Court, the respondent's brother made restitution of this money.

3. The respondent represented William H. Jones as administrator of the estate of Stella M. Secrist. In the estate, certain real estate was sold. Upon the completion of the sale, the administrator endorsed over to the respondent the check for the purchase of the real estate. This check was not deposited in the administrator's account, and was put to the use of the respondent. When this matter was called to the respondent's attention, he said it was a mistake and asked for time to get it straightened out. In this case also, restitution was made by the respondent's brother after pressure was brought through the Marion County Probate Court.

From the foregoing findings of fact, the undersigned finds that the respondent did engage in illegal conduct involving moral turpitude, that he engaged in conduct involving dishonesty, fraud, and misrepresentation; that he charged clearly excessive fees for services; that he neglected legal matters entrusted to him; and failed to keep funds of his clients in separate identifiable bank accounts. Such conduct does constitute violation of Canons 11, 21, 29, 30, and 32 of the Canons of Professional Ethics of the American Bar Association and also constitutes violations of Disciplinary Rules of the Code

of Professional Responsibility heretofore adopted by this Court as follows: D.R. 1-102(A), (3), (4), (5), and (6). D.R. 2-106(A) and (B). D.R. 6-101(A), (3). D.R. 9-102(A) and (B), (3).

## RECOMMENDATION

While it is always painful to make a recommendation of this type, there can be little doubt as to the action which should be taken on the above facts. These facts demonstrate a total disregard of the attorney's basic responsibilities to his client. The fraud and misrepresentation employed by the respondent in dealing with his clients together with his conversion of his clients' funds, constitute a total disregard of the basic professional responsibilities of the attorney.

There is some evidence to indicate that the respondent had personal difficulties, and that possibly as a result of these personal difficulties, was working under pressures. However, for misconduct of this nature, there are no conceivable circumstances which could serve to even partially justify the respondent's conduct.

The undersigned therefore recommends that the respondent, William I. Underwood, be permanently disbarred by this Court, and that his name be stricken from the role of attorneys licensed to practice law in the State of Indiana.

F. E. Rakestraw, Hearing Officer and Judge.

Dated this 11th day of July, 1972.

The Court, having examined said Findings of Fact and Recommendations, and no exceptions or objections thereto having been filed, the same are now in all things approved and the said William I. Underwood is now disbarred permanently as an attorney at law of this state and prohibited from the practice of law in this state and his name is ordered stricken from the role of attorneys authorized to practice law in this state.

Arterburn C.J., All Justices Concur.

Dated at Indianapolis, Indiana this 12th day of September, 1972.

NOTE.—Reported in 286 N. E. 2d 828.