IN THE MATTER OF HAROLD D. STIVERS.

[No. 372S31. Filed February 27, 1973. Rehearing denied April 23, 1973 with Opinion.]

*Harold D. Stivers,* of Jeffersonville, for respondent.

*John B. Ramming,* Executive Secretary Disciplinary Commission, *Paul Beam,* Indiana Bar Association, for Indiana Supreme Court Disciplinary Commission.

PER CURIAM—This case comes to us as a result of an action filed by the Disciplinary Commission of this Court against

Harold D. Stivers, a practicing attorney of this state. The petition sought the suspension from the practice of law of the attorney pursuant to our Rules. We appointed the Honorable Frederick E. Rakestraw as Hearing Officer to hear the charges accordingly.

The Hearing Officer, after a hearing and notice to the opposing party filed a report with this Court which was briefed by both sides.

The Respondent filed "Motion By Respondent For Leave To File Reply Brief," which Motion is now denied.

The Findings of Fact and Recommendations of Hearing Officer are in the words and figures as follows:

The undersigned, heretofore appointed by this Court as Hearing Officer and Judge in the above entitled cause under the provisions of Admission and Discipline Rule No. 23 of this Court, respectfully reports as follows:

The Disciplinary Commission of this Court filed a verified complaint against the respondent on March 21, 1972. The undersigned was appointed as Hearing Officer and Judge on March 21, 1972, and filed his oath and assumed jurisdiction on March 28, 1972. The respondent was served with summons and a copy of the verified complaint on March 22, 1972.

On March 23, 1972, the respondent filed a Motion for Stay of Proceedings in this Court. The basis of the respondent's Motion was that on March 16, 1972, the Supreme Court of the United States had issued an order to stay the execution and enforcement of an order of the Court of Appeals of Kentucky, which order of the Court of Appeals of Kentucky had suspended the respondent from practicing law in the State of Kentucky for one year. The respondent's Motion for Stay was referred by this Court to the undersigned for disposition.

The verified complaint filed against the respondent contained two specifications. The first was that the respondent had been suspended from the practice of law in the Commonwealth of Kentucky, and that as a matter of comity he should be sus-

pended in the State of Indiana. The second was that he did on or about June 5, 1969, knowingly solicit professional employment for himself by the use of the public mails. After receiving appropriate memoranda from counsel, the undersigned entered an order on March 31, 1972, staying any proceedings as to the charge based upon the action of the Commonwealth of Kentucky and directing that the cause proceed as to the allegation of solicitation of professional employment. All subsequent proceedings were on the allegation of soliciting professional employment.

The Supreme Court of the United States has since denied certiorari on the respondent's petition concerning the Kentucky order. However, at this time there would seem to be no reason for further proceedings on the Kentucky suspension.

On April 21, 1972, the respondent filed an answer to the verified complaint. Thereafter the undersigned set this cause for hearing in the jury room of the Clark Circuit Court in Jeffersonville, Indiana, on Friday, May 19, 1972, at 9:30 a.m. The respondent was notified by United States mail, certified, return receipt requested. On that date and at that time, the cause was submitted before the undersigned in Jeffersonville.

Prior to the evidence, the respondent filed a Motion to Quash the Verified Complaint and a Motion to Quash all Subpoenas, including a subpoena served upon the respondent himself. Both motions to quash were overruled by the undersigned, and the cause proceeded to hearing. Evidence was presented for the Commission and for the respondent. The Disciplinary Commission was given until June 19, 1972, and the respondent until July 20, 1972, to file briefs. Briefs were submitted to the undersigned by those dates.

From the evidence, the Court now finds the facts to be as follows:

1. That on March 31, 1967, the respondent was admitted to practice law in the State of Indiana by this Court, on the basis of his license to practice law in the State of Kentucky

and evidence that he had practiced law at least five of the seven years immediately preceding the date of his application to this Court.

2. That in June, 1969, the respondent maintained a law office at 904 Portland Federal Building, Louisville, Kentucky. That at that time, his letterhead listed a telephone number, without city designation; listed the Louisville address, without designation as to whether it was an office or residence; and listed his Jeffersonville, Indiana, home address, without designating whether it was an office address or home address.

3. That on June 5, 1969, the respondent's secretary mailed a letter to Mrs. Mary L. Vertrees, 343 South Shawnee, Louisville, Kentucky 40212, which letter read as follows:

> "Dear Mrs. Vertrees:
>
> According to the May 29, 1969 issue of the local Jeffersonville, Indiana newspaper, you were involved in an automobile accident recently in Clark County, Indiana. The newspaper account indicates that you were not at fault and are therefore entitled to recover any damages you suffered, as a result of the accident, from the party at fault.
>
> In my practice of law, I handle cases of this nature and am admitted to practice in all courts, both in Kentucky and Indiana. I am in a position to represent you and prosecute the case all the way through suit, if necessary.
>
> If I can be of service to you in this manner, please call me at the above number and I will arrange an appointment for you to come into my office for a conference.
>
> Sincerely,
>
> Harold D. Stivers
> HDS:jf"

4. That other people received letters of a similar nature from the respondent.

5. That said letter was typed, signed, and mailed by the respondent's secretary, Julia Jean Fulkerson.

6. That some time previous to the mailing of the letter, a general draft of this letter had been prepared, and had been

examined by the respondent. That the respondent had made some changes in the wording, and had approved the letter.

7. That at least some other similar letters had been mailed from the respondent's office.

8. That in preparing and mailing said letters, Julia Jean Fulkerson was acting within her authority as the secretary for the respondent.

> There can be no doubt that the solicitation of business by lawyers is violation of the lawyer's professional responsibility. The matter was very clearly stated by the Supreme Court of Florida as follows:

> "The solicitation of business by members of the Bar, all of whom are officers of the Court, has been and is universally condemned. The Canons of Professional Ethics in emphatic terms denounce such conduct and the language used cannot be misunderstood by either the young and inexperienced or the old and experienced members of the Bar. By whatever means employed, solicitation of professional business is unethical and warrants the imposition of appropriate discipline." *Florida Bar* v. *Scott* (1967), 197 So. 2d 518, 520.

It will be noted that the above statement was made before the formulation of the Code of Professional Responsibility which has now been officially adopted by this Court. Certainly the act of sending a letter soliciting business would be contrary to Canon 27 of the *Canons of Professional Ethics* of the American Bar Association as well as contrary to Disciplinary Rule 2-101(A) of the *Code of Professional Responsibility*.

At various stages, the respondent has questioned the legality of the proceedings. These questions were raised in his Answer, in his Motion to Quash the Verified Complaint, in his Motion to Quash the Subpoenas, and finally in his Brief. The objections of the respondent are primarily objections based upon criminal law. The respondent urges that this is a criminal proceeding, and that he stands before this Court as one accused of a crime. He therefore wishes to take advantage of all of the rights accorded one accused of

a crime, and to free himself from any affirmative obligation. In his analysis, the respondent is in error. This is a proceeding sui generis—that is a unique proceeding and the only one of its kind. It is an inquiry before this Court to determine whether the respondent has properly assumed and carried out his professional responsibilities. These responsibilities in turn are a condition of the privilege of practicing law.

The major arguments which he makes can be summarized as follows:

(a) The respondent maintains that the charges made against him were not sufficiently definite and certain, and that he has been deprived of due process under the United States Constitution. In support of this contention, he cites the case of *In Re Ruffalo* (1968), 390 U.S. 544, 88 S. Ct. 1222. The respondent in that case had been disbarred in Ohio and certiorari had been denied by the Supreme Court of the United States. In the Ohio hearing, charges of misconduct had been added to the complaint as a reuslt of respondent's testimony. This opinion was written on an appeal from a later Federal Court disbarment order which was in turn based on the Ohio disbarment. The holding of the Supreme Court was that in Federal Disciplinary proceedings, the respondent is entitled to know in advance the extent of the charges against him.

In its opinion, the Court stated that "These are adversary proceedings of a quasi-criminal nature." The term "quasi-criminal" is an unfortunate designation of the proceedings. The proceedings are rather an inquiry into the lawyer's professional responsibility, and there are few similarities between these proceedings and criminal proceedings. However, the actual holding of the court seems to be a fair and reasonable holding. In disciplinary proceedings, certainly the respondent should know in advance what he is expected to face.

In this case, the respondent was given an exact charge. The charge was that he did "on or about June 5, 1969, knowingly solicit professional employment for himself by the use of the public mails; . . ." Prior to the hearing he was given

a list of witnesses. Thus the respondent was informed of the specific conduct alleged, and of the time when this conduct occurred. Had he desired, he could have contacted the witnesses.

Thus he was accorded reasonable due process consistent with the opinion of *In Re Ruffalo*.

(b) The respondent also urges that proceedings in this cause constitute double jeopardy for the reason that the actions relied upon here are the same actions on which the Kentucky disciplinary action was based. The respondent objected to the evidence presented on the ground that much of it was the same evidence presented in the Kentucky disciplinary hearing.

The action taken by the Kentucky courts has no bearing on the action to be taken here. The respondent's conduct is applicable to his right to practice law in the courts of the State of Indiana, and this is true whether this conduct was the subject of a previous proceeding in Kentucky or not. The respondent's right to practice law in the State of Kentucky is determined by the courts of Kentucky. His right to practice law in this state is determined by the courts of this state. The only action taken in Kentucky applied to the respondent's right to practice law in the State of Kentucky. The proceedings here deal exclusively with the respondent's right to practice law in this state. If it were held that disciplinary action in the State of Kentucky foreclosed any action by the courts of the State of Indiana on the same factual background, then the respondent would have an automatic and irrevocable right to practice law in the State of Indiana once the State of Kentucky suspended him for misconduct. Such a result would, of course, be ridiculous.

The issue in each disciplinary proceeding is whether the respondent has engaged in conduct in violation of his professional responsibility. The action taken by the courts of each state apply only to that state. Thus, if there has been a breach of professional responsibility, the

courts of each state have a right to inquire into such conduct and determine whether the respondent's right to practice law in that state should be terminated or suspended.

(c)    In his Motion to Quash the Subpoenas, the respondent objected that the Disciplinary Commission was attempting to have the respondent testify against himself.  He maintained that he had a right to remain silent under the provisions of the Fifth Amendment to the United States Constitution.  This issue is moot as far as disposition of this action is concerned. The respondent was not called as a witness and was not required to furnish any documentary evidence.  He also chose not to testify in his own behalf.  Thus to the extent there may be a right not to testify in disciplinary hearings, there has been no violation of that right in these proceedings.

However, the question raised by the respondent is an interesting question worthy of some discussion.  We are talking about a lawyer's professional responsibility.  If the lawyer has no duty to reveal or explain his professional conduct, the enforcement of professional responsibility will be hampered.

The uncertainty in this area is clearly illustrated in the case of *Spevack* v. *Klein* (1967), 385 U.S. 511, 87 S. Ct. 625, cited by the respondent.  The case arose out of a New York disciplinary hearing where the respondent had refused to testify or to furnish his records relying on his privilege against self-incrimination.  He was disbarred for refusing to testify.  In a five to four decision, the Supreme Court reversed the disbarment judgment.  One of the minority of the Court, Justice Fortas, indicated in his concurring opinion that a lwayer might be disbarred for refusing to keep and produce, upon proper authority, records which the lawyer was lawfully and properly required to keep.  Justices Harlan, Clark, Stewart, and White, strongly dissented.  The dissenting opinions reflect a much more persuasive analysis and balancing of the interests than does the majority opinion.  One can hope that the entire issue will be clarified in the near future, and that at that time

appropriate weight will be given to the lawyer's professional responsibility in determining his obligation to testify and disclose records.

(d) The respondent maintains that the disciplinary rule, together with action taken under it is unconstitutional. He cites no authority for this position, and makes no coherent argument on the issue of constitutionality. It is sufficient to say that the procedure set up in Admission and Disciplinary Rule 23 of this Court is similar to procedure in many other states. It provides a reasonable and logical manner of approaching misconduct, provides for appropriate notice, provides appropriate time for preparation, and seems eminently fair. There appears to be no substance in the argument of constitutionality.

There finally remains the matter of the recommendation to be made. This is not a situation involving extreme moral turpitude such as outright embezzlement and defrauding of clients. In such cases, the only appropriate penalty is a permanent disbarment. See *In Re Ewing* (1972), 258 Ind. 642, 283 N. E. 2d 536 and *In Re Underwood* (1972), 259 Ind. 323, 286 N. E. 2d 828. However, it is certainly common knowledge among lawyers that there should not be a direct solicitation of business.

Here, mitigating circumstances could be of importance in determining the action to be taken. In the matter of mitigation, we are hampered by the fact that the respondent chose not to testify. Thus we do not know of any efforts to correct matters by changing the practice in the respondent's office or by declining to take any business which may have resulted from the letters mailed. Appropriate apologies and an attitude of understanding and honest regret would also be helpful.

If the letters of solicitation had been mailed without any knowledge of the respondent, this would be a mitigating factor of great weight. However, the evidence is clear that the letter was examined by the respondent. He indicated his approval

of this letter. It is not surprising that the respondent's secretary felt she had the authority to send letters to persons involved in accidents as shown by newspaper accounts. The respondent must assume full responsibility for the letters of solicitation.

While the respondent did not testify, he did represent himself in the hearing. From his general conduct, the undersigned is of the opinion that the respondent did not deliberately violate any rules of professional responsibility. His action was probably caused by his lack of understanding of professional responsibility. In short, he probably did not realize that he was doing anything wrong. However, lawyers must be held to a minimum standard of conduct in terms of their professional responsibility, and their lack of understanding on an obvious matter cannot be mitigation.

The undersigned respectfully recommends to this Court that the respondent, Harold D. Stivers, be suspended from the practice of law in the State of Indiana for a period of one (1) year, subject to his application for readmission in accordance with the rules of this Court.

This Court, having examined said Fndings of Fact and Recommendations of Hearing Officer, the same is now in all things approved and said Harold D. Stivers, in accordance with the recommendation of said Hearing Officer, is ordered suspended from the practice of law in the state of Indiana for a period of one (1) year subject to the privilege of applying for readmission thereafter in accordance with the Rules of this Court.

### ON PETITION FOR REHEARING

ARTERBURN, C.J.—The Respondent, Harold D. Stivers, has filed a Petition for Rehearing upon his suspension from the practice of law for one (1) year. The petitioner has had his hearing on briefs submitted before this court. *In re Harold D. Stivers* (1973), 260 Ind. 120, 292 N. E. 2d 804. There is no

provision in the Rules respecting proceedings of this character for a rehearing. The previous determination of this court is final. Accordingly, the Petition for Rehearing is dismissed. *In re Patrick R. Taylor* (1973), 260 Ind. 169, 293 N. E. 2d 779.

NOTE.—Reported in 292 N. E. 2d 804.