**In the Matter of Max Warren COOK.**

No. 885S327.

Supreme Court of Indiana.

Aug. 5, 1988.

Max Warren Cook, Elwood, respondent pro se.

Clifford R. Courtney, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

This Disciplinary Action is now before the Court on a three (3) count amended verified complaint charging the Respondent with conduct in violation of the *Code of Professional Responsibility.* As provided in Admission and Discipline Rule 23, a Hearing Officer was appointed, conducted a hearing and has tendered findings of fact, conclusions of law, and a recommendation for sanction. The Respondent has petitioned for review of the Hearing Officer's report, and both parties have presented a brief in support of their respective positions.

In his petition for review, the Respondent challenges various procedural rulings and contends that certain events during the

litigation of this disciplinary proceeding constitute the denial of due process. Specifically, he contends that he was denied due process in that the Hearing Officer was not randomly selected from a pool of all attorneys and judges in the state, in that the Executive Secretary signed the complaint for the Disciplinary Commission, in that the Respondent was not contacted before the investigation was conducted, in that a motion to make more specific was denied, in that certain requests for discovery were denied, in that Counts II and III were added, in that the Counts were not segregated for trial, in that criminal charges were alleged without a prior conviction, in that a motion to continue was denied, in that there was an inadequate separation of witnesses, in that the Hearing Officer allegedly acted impatiently and angrily pointed a pencil toward Respondent, in that the Hearing Officer did not grant the Respondent's request for a change of Hearing Officer, and in that the Hearing Officer's report was not timely served.

It is incumbent for a party seeking review of the Hearing Officer's report to present for this Court's consideration a record, authority, and cogent argument. *In re Sekerez* (1984) Ind., 458 N.E.2d 229. Respondent's pleadings, at best, minimally meet these requirements. He cites no case law for his constitutional arguments and only makes an occasional obtuse reference to the rules governing attorney disciplinary proceedings. To further diminish the professional character of his petition, Respondent mixes into his argument facts and inferences with incomplete references to any recorded testimony or exhibits.

The question of procedural due process in a disciplinary proceeding has been addressed previously by this Court. In such setting, due process requires notice and an opportunity to be heard in a fundamentally fair proceeding. *In re Wireman* (1977), 270 Ind. 344, 367 N.E.2d 1368, cert. denied 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402; *In re Murray* (1977), 266 Ind. 221, 362 N.E.2d 128, appeal dismissed, 434 U.S. 1029, 98 S.Ct. 758, 54 L.Ed.2d 777; *In re Stivers* (1973), 260 Ind. 120, 292 N.E.2d 804.

■ Our examination of the proceedings conducted under this cause indicates that the Disciplinary Commission and the Hearing Officer complied with the applicable rules governing disciplinary proceedings. Respondent's minimally adequate petition for review does not offer any case or other authority which might draw into question the validity of these established procedures. This Court, accordingly, finds that Respondent's due process claims, as they may relate to the validity of procedures conducted in accordance with Admission and Discipline Rule 23, are insufficient to warrant review.

■ With regard to Respondent's general assertions, we further note that criminal charges need not be brought and tried prior to the citing of parallel allegations in a disciplinary complaint. A disciplinary proceeding stands independent of any analogous criminal conduct. *In re Kesler* (1979), 272 Ind. 161, 397 N.E.2d 574, cert. denied 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed. 2d 34 (1980); *In re Crumpacker* (1978), 269 Ind. 630, 383 N.E.2d 36; *In re Wireman, Supra.* Likewise, the alleged denial of due process stemming from a delay in service of the Hearing Officer's report does not present a sufficient claim for relief. This delay did not destroy the fundamental fairness of the entire disciplinary process. *In re Wireman, Supra.*

■ In disciplinary proceedings, discovery is not granted as a matter of right. *In re Mann* (1979), 270 Ind. 358, 385 N.E. 2d 1139. The Hearing Officer is afforded discretion with regard to issues relating to discovery. Admission and Discipline Rule 23, Section 14(b). Admission and Discipline Rule 23, Section 13, further provides that the Hearing Officer has the authority to do all things necessary and proper to carry out assigned responsibilities under this rule; this grant of authority extends to the proper enforcement of orders and directives. Accordingly, we find that the petition for review, as it relates to the alleged abuse of discretion by the Hearing Officer is without merit.

As to the issue of the alleged bias and prejudice of the Hearing Officer, to establish error, the Respondent must demonstrate by competent evidence that the alleged bias and prejudice stems from an extra-judicial source and results in an opinion or stems from some basis other than what was learned through participation in the case. *In re Sekerez, Supra., citing United States v. Grinnell Corporation,* (1966), 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed. 2d 778. Respondent has not met his burden in this regard.

Respondent also asserts in several ways that the Hearing Officer erred in finding the Respondent guilty of contempt. As with other issues, there is no citation of case authority provided by the Respondent, and, as to this issue, the Disciplinary Commission did not address the legal questions raised. As noted above, Admission and Discipline Rule 23, Section 13(d) empowers Hearing Officers to do all things necessary and proper to carry out their responsibilities. This includes the power of contempt.

The record now before this Court indicates that on April 28, 1986, the hearing in this case was scheduled to be heard. The Respondent was fully aware of the time, date, and location of the scheduled hearing. On this date, the Respondent failed to appear at the scheduled time. The hearing was delayed one hour and then commenced in the absence of the Respondent. After ten minutes of proceedings, the Respondent appeared and informed the Hearing Officer that he stopped at the Tipton County court house to obtain a certified copy of a docket sheet and that his car had overheated on the way to Indianapolis, Indiana, where the hearing was scheduled to be heard.

By reason of his conduct in arriving late to the hearing, the Hearing Officer found the Respondent to be in contempt of court. He was fined three hundred dollars ($300.00). We concur in this finding and assessment of fine.

The remaining issues raised by the Respondent relate to the findings of fact tendered by the Hearing Officer. As we have noted in the past, this Court is the ultimate fact finder in disciplinary proceedings. *In re Moore* (1983), Ind., 453 N.E.2d 971. Our decision is reached through an examination of all matters presented to the court. The Hearing Officer's findings are not binding, but they do receive emphasis in that the Hearing Officer has an opportunity to observe witnesses, absorb the nuances of unspoken communication and by this process, attach credibility. *In re Murray, Supra.* Respondent's objections to the tendered findings of fact have been considered in this Court's determination of the findings.

Under Count I, Respondent is charged with violating Disciplinary Rule 7-102(A)(1) of the *Code of Professional Responsibility,* by filing a suit, asserting a position, or taking other action on behalf of his client when he knows or when it is obvious that such action would serve merely to harass or maliciously injure another; with violating Disciplinary Rule 7-106(C)(1) by stating or alluding to matters which he had no reasonable basis to believe would be relevant to the case or would be supported by admissible evidence; with violating Disciplinary Rule 6-101(A)(1) by handling a legal matter which he knew or should have known that he was not competent to handle, without associating with an attorney who was competent to handle the matter; and with violating Disciplinary Rules 1-102(A)(5) and (6) by engaging in conduct prejudicial to the administration of justice which adversely reflects on his fitness to practice law.

Upon review of the matters filed in this case, we now find that in August, 1979, the Respondent was appointed by the Tipton Circuit Court to represent a defendant charged with theft and extortion. Before the trial commenced, the victim of the alleged crime died and the criminal charges were dismissed by the State. On or about August 5, 1980, Respondent, on behalf of his client, filed a lawsuit against the estate of the victim alleging defamation and malicious prosecution. On May 10, 1982, the Tipton Circuit Court decided this civil lawsuit against Respondent's client.

On July 8, 1982, the Respondent filed a single page Motion to Correct Error which

generally asserted "... errors of procedure and of law as shown by the transcription ...". On July 9, 1982, the Respondent filed a first supplement to the Motion to Correct Error alleging, for the first time, that the judge of the Tipton Circuit Court should have disqualified himself. In support of his motion, Respondent, *inter alia,* cited an alleged "rumor" in the Tipton community of the Judge's "close association" with the attorney who represented the estate in the civil action. On September 17, 1982, Respondent filed a Memorandum in Support of Plaintiff's Motion to Correct Error wherein he draws factual conclusions unsupported by the record and requests judicial notice of such unsupported allegations. The Motion to Correct Error and the first supplement were denied on September 17, 1982. On October 6, 1982, the Respondent prepared and filed an "Affidavit of Statement of Facts of which Judicial Notice Was Previously Requested for Certification by Trial Judge.". Although this affidavit was signed by Respondent's client, it contained certain alleged facts not within the personal knowledge of Respondent's client.

On October 16, 1982, Respondent initiated an appeal of the civil case, and on March 19, 1984, the Court of Appeals affirmed the trial court and found the appeal to be vexatious, devoid of merit and taken in bad faith. Respondent was assessed costs and attorney's fees. In preparing this attempted appeal, Respondent did not comply with Appellate Rules 2(B), 2(C), 8.3(A), and 12(A).

In light of the above noted findings under Count I, this Court now concludes that, by filing an appeal that was devoid of merit and taken in bad faith, the Respondent violated Disciplinary Rule 7–102(A)(1) of the *Code of Professional Responsibility* in that he filed a suit, asserted a position, and took other action on behalf of his client when he knew or when it was obvious that such action would serve merely to harass or maliciously injure another; by preparing and filing an Affidavit executed by his client when Respondent knew that said Affidavit contained allegations of "fact" not within the personal knowledge of the Affiant, Respondent violated Disciplinary Rule

7–106(C)(1); and by preparing and filing an appeal without complying with Indiana Rules of Appellate Procedure 2(B), 2(C), 8.3(A), and 12(A), Respondent violated Disciplinary Rule 6–101(A)(1) in that he handled a legal matter which he knew or should have known that he was not competent to handle, without associating with a lawyer who was competent to handle the matter. Respondent's conduct, in toto, is prejudicial to the administration of justice, adversely reflects on Respondent's fitness to practice law and, accordingly, violates Disciplinary Rules 1–102(A)(5) and (6).

■ Under Count II, Respondent is charged with violating Disciplinary Rule 7–101(A)(2) of the *Code of Professional Responsibility* by failing to carry out a contract of employment entered into with a client for professional services and Disciplinary Rules 1–102(A)(3) and (6) of the *Code of Professional Responsibility* by engaging in conduct involving moral turpitude which conduct adversely reflects on his fitness to practice law.

Upon review of all matters which have been filed, we now find under Count II that on July 19, 1984, the Respondent was retained to assist in locating and obtaining a child for adoption. Respondent prepared a written fee agreement whereby Respondent received the sum of one thousand five hundred dollars ($1,500) as a "minimum, irrevocable, nonrefundable initial retainer fee ..." which "... is not payment of any compensation for any services to be rendered or expenses that may be incurred.". In addition, by the terms of the written fee agreement, Respondent was to receive the additional compensation in the amount of twenty-five dollars ($25) per quarter hour or five thousand dollars ($5,000), whichever is greater; with "... one-half (½) of the foregoing minimum retainer fee as a credit towards payment of said compensation ...". Respondent further informed his clients that an additional fee of two thousand five hundred dollars ($2,500) would be required to cover the actual adoption, court costs, and medical expenses once a child was located.

Respondent was unable to locate a child to adopt. He did not provide monthly status reports nor an itemization of expenses, as requested by his clients, and did not return telephone calls to him made by these clients.

On July 9, 1985, these clients sent notice by registered letter to Respondent making demand for the return of the one thousand five hundred dollars ($1,500) retainer fee. Respondent did not respond to the letter; and, on August 9, 1985, his clients filed a civil lawsuit against Respondent in Tipton Circuit Court, Small Claims Division, seeking judgment in the amount of one thousand five hundred dollars ($1,500) plus interest, for legal services not rendered. After a hearing, the Tipton Circuit Court found in favor of Respondent.

In accordance with our findings under this Count, we now conclude that by accepting a minimum, irrevocable, nonrefundable retainer fee of one thousand five hundred dollars ($1,500) and thereafter not providing his clients with requested status reports, an accounting or itemization of expenses, and not returning his clients' telephone calls, Respondent violated Disciplinary Rule 7–101(A)(2) of the *Code of Professional Responsibility*.

In Count III, Respondent is charged with violating Disciplinary Rule 6–101(A)(3) by neglecting a legal matter entrusted to him; with violating Disciplinary Rule 7–101(A)(2) by failing to carry out his contract of professional employment; and with violating Disciplinary Rule 5–103(A) by improperly acquiring a proprietary interest in the cause of action or subject matter of litigation he was conducting for a client.

We now find under this Count that, on September 17, 1983, the Respondent was retained by a client to file a patent application for a noise reduction device invented by the client. Respondent received one thousand five hundred dollars ($1,500) as a fee in the matter, and Respondent promised his client that he would have a "rough write-up" within two (2) weeks. During the period between September, 1983 and January, 1984, Respondent met with his client and a technical patent draftsman in order to prepare a rough write-up; the write-up was prepared on January 11, 1984.

On February 15, 1984, Respondent informed his client that a final write-up would be prepared in two (2) weeks. Respondent suggested that the client give the Respondent ten percent (10%) interest in the noise reduction device invention because Respondent had made certain suggestions toward improving the operation of the device. Pursuant to Respondent's suggestion, on February 15, 1984, an agreement was entered whereby Respondent was to receive ten percent (10%) interest in his client's invention. Thereafter, Respondent did not keep his client informed of the status of the patent application write-up; and Respondent did not keep at least two (2) scheduled appointments with his client. Only after Respondent was notified that Respondent would be discharged as attorney in the patent application matter if said write-up was not prepared as promised, did Respondent contact his client on May 16, 1984. Respondent did not prepare the final write-up as promised nor did he ever file a patent application. On October 3, 1984, Respondent was discharged as his counsel for this project.

In accordance with our findings, we now conclude under Count III that by acquiring ten percent (10%) interest in a noise reduction device invention designed by his client, for which Respondent was retained by the client to file a patent application, Respondent did not acquire an impermissible proprietary interest in the cause of action or subject matter of litigation and accordingly did not violate Disciplinary Rule 5–103(A). However, by failing to prepare and deliver certain "write-ups" to his client in a timely manner as promised, failing to keep his client informed regarding the status of the patent application write-ups, and failing to keep scheduled appointments with his client, Respondent violated Disciplinary Rules 6–101(A)(3) and 7–101(A)(2) of the *Code of Professional Responsibility*.

Having determined that the Respondent engaged in the misconduct charged under each of the three (3) counts,

it now becomes the duty of this Court to determine an appropriate disciplinary sanction. In this process, this Court considers the nature of the violation, the specific acts of Respondent, the impact on the public, this Court's responsibility to preserve the integrity of the Bar, and the risk, if any, to which we will subject the public by permitting the Respondent to continue in the profession or to be reinstated at a later date. *In re Briggs* (1987), Ind., 502 N.E.2d 879; *In re Stanton* (1986), Ind., 492 N.E.2d 1056; *In re Duffy* (1985), Ind., 482 N.E.2d 1137. The Respondent failed to properly represent his clients, engaged in vexatious litigation, and attempted to profit from a client's labors without performing legal services. It is obvious that Respondent really does not understand his ethical responsibilities to his clients or his profession. By his acts, Respondent's clients were not provided adequate representation, and the course of conduct demonstrated in toto that it is unlikely that the Respondent can or will be able to provide effective representation. With these considerations in mind, this Court must affirmatively respond to protect the public in the future from further misconduct of this nature.

It is, therefore, Ordered that, by reason of the professional misconduct found in this case, the Respondent be, and hereby is, disbarred as an attorney in the State of Indiana.

It is further Ordered by this Court that the Hearing Officer's contempt order issued during the pendency of this proceeding is adopted and now approved.

Costs of these proceedings are assessed against Respondent.