**In the Matter of David B. BEHRMANN.**

No. 49S00–9501–DI–004.

Supreme Court of Indiana.

May 6, 1996.

David B. Behrmann, Indianapolis, pro se.

Thomas W. Farlow, Indianapolis, for Respondent.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The respondent, an attorney admitted to the practice of law in this state in 1977, has been charged by the Disciplinary Commission with violating Rule 8.4(b) and (c) of the *Rules of Professional Conduct for Attorneys at Law.* Following the filing of a *Verified Complaint for Disciplinary Action,* this Court appointed a hearing officer pursuant to Ind.Admission and Discipline Rule 23, Section 11(e), who proceeded to conduct an evidentiary hearing and who now reports her findings and legal conclusions to this Court. Neither party has chosen to petition this Court for review of the tendered report. We thus adopt the factual findings contained therein, reserving final judgment as to misconduct and discipline. *In re Stover–Pock,* 604 N.E.2d 606 (Ind.1992).

We now find that in December of 1990, the respondent formed a subchapter S corporation with another individual (the "partner"). Each owned 50% of the corporation's stock. An Internal Revenue Service form filed at about the time the corporation was formed disclosed that the respondent and his partner each owned 100 shares of the corporation's stock. The corporation later hired an accounting firm to prepare its 1990 federal corporate income tax return. That return, as well as accompanying documents, re-

flected that the corporation was jointly owned, in equal portions, by the respondent and his partner.

Sometime during late 1991 or early 1992, the respondent assumed greater responsibility for the daily operations of the corporation. In 1992, the respondent hired another accounting firm to prepare the corporation's federal corporate tax return for 1991. At about that time, the respondent sought his partner's consent to reallocate ownership positions in order to create a potential future tax benefit for the respondent. The partner told the respondent that he was free to do so as long as there was no negative impact on the partner's interests. At hearing, the partner testified that he did not give the respondent consent to prepare a false tax return. The respondent informed the accountant who was to prepare the return that, pursuant to a verbal agreement between the respondent and the partner, the respondent's share of ownership had increased to 95%, while the partner's share was reduced to 5%. This 95%–5% ownership allocation could have provided the respondent with future tax savings of approximately $2,000 but likely would not have affected the partner's tax liability. There was no evidence presented at hearing that the respondent or his partner ever signed or filed the 1991 federal return reflecting the 95–5% ownership allocation. No formal reallocation of the ownership of the corporation's shares ever occurred in 1991 or 1992. Each shareholder actually retained 50% of the corporation's shares.

In December of 1992, the partner obtained copies of the 1991 federal return which reflected the 95–5% allocation. At the direction of the partner and his attorney, the accountant who had prepared the 1991 return prepared a second 1991 return accurately reflecting equal ownership. That return was filed with the IRS on January 18, 1993.

Indiana Professional Conduct Rule 8.4(b) provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." Rule 8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." The hearing officer concluded that the respondent violated Ind.Professional Conduct Rule 8.4(c), but that the Commission failed to prove a violation of Prof.Cond.R. 8.4(b).[1]

■ In its verified complaint, the Commission alleged that the respondent committed a criminal act in that he violated 26 U.S.C. Section 7206(1), which provides in relevant part:

[a]ny person who ... [w]illfully makes and subscribes any return ... which contains or is verified by a written declaration that is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter ... shall be guilty of a felony ...

■ There was no showing that criminal charges were ever filed against the respondent relative to the falsified tax return. On the other hand, criminal charges need not be brought and tried prior to the citing of parallel allegations in a disciplinary complaint. A disciplinary proceeding stands independent of any analogous criminal conduct. *In re Cook*, 526 N.E.2d 703, 705 (Ind.1988). Rule 8.4(b) refers to commission of a criminal act, not conviction of a crime. The focus is on the nature of the crime rather than the commission of the crime itself. *See* G. Hazard and W. Hodes, *The Law of Lawyering*, Section 8.4:301 (2d Ed.1990). Thus, the fact that no criminal charges or convictions emanated from the respondent's conduct does not preclude us from finding violation of Prof. Cond.R. 8.4(b). However, the hearing officer found no evidence that the respondent ever signed or filed the erroneous return and the Commission does not contest that finding. We also find that there was no showing that the respondent signed or filed the false tax return such as to constitute perjury or violation of federal tax law. Thus, we agree with the hearing officer that the respondent did not violate Prof.Cond.R. 8.4(b).

---

1. In attorney disciplinary cases, the Commission's burden of proof is to demonstrate violations by clear and convincing evidence. Ad-mis.Disc.R. 23(14)(f); *In re Oliver*, 493 N.E.2d 1237 (Ind.1986).

However, the respondent caused the corporation's accountants to prepare an erroneous federal tax return. The evidence clearly and convincingly establishes that the respondent's plan was to perpetuate this falsehood against the federal government. That the respondent's plan was apparently never brought to completion does not negate his culpability. The fact of his calculated deception demonstrates to us the respondent's willingness to engage in a dishonest enterprise, albeit one that was ultimately derailed by external influences. Further, we also find that his informing the tax preparer that he and the partner had verbally agreed to a 95–5% split was also deceitful conduct, as there is no evidence that an agreement to that degree of specificity was ever entered. We therefore find that the respondent violated Prof.Cond.R. 8.4(c) by engaging in conduct involving dishonesty and deceit.

Given our finding of misconduct, we must now determine an appropriate discipline. That assessment involves consideration of the disciplinary offense, actual or potential injury, the state of mind of the respondent, the duty of this Court to preserve the integrity of the profession, the risk to the public, if any, in allowing the respondent to continue in the profession, and matters in mitigation, extenuation or aggravation. *In re Ortiz*, 604 N.E.2d 602 (Ind.1992). By causing the falsified tax return to be prepared, ready for submission to the IRS, the respondent demonstrated the intent to accomplish a particular dishonest act. Such a state of mind indicates a high level of culpability. ABA *Standards for Imposing Lawyer Sanctions*, Theoretical Framework (stating that "intent," being the "conscious objective or purpose to accomplish a particular result," is the most culpable of mental states in relation to lawyer misconduct); *In re Helman* 640 N.E.2d 1063 (Ind.1995). We therefore conclude a period of suspension is appropriate in this case.

It is, therefore, ordered that the respondent, David B. Behrmann, be suspended for a period of thirty (30) days, beginning June 10, 1996.

Costs of this proceeding are assessed against the respondent.

DeBRULER, DICKSON, SULLIVAN, and SELBY, JJ., concur.

SHEPARD, C.J., not participating.