**In the Matter of K. Richard PAYNE.**

No. 385S92.

Supreme Court of Indiana.

July 10, 1986.

Howard S. Grimm, Jr., Fort Wayne, for respondent.

William Hussman, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Commn.

PER CURIAM.

This proceeding is now before the Court on a four count amended complaint charging the Respondent, K. Richard Payne, with violating this Court's *Code of Professional Responsibility.* In accordance with the procedures set forth in Admission and Discipline Rule 23, a Hearing Officer was appointed, conducted a hearing and has tendered finding of fact and conclusion of law.

■ Respondent has filed a "Petition to Review Record" which generally challenges the Hearing Officer's findings and conclusions and further suggests that the Respondent was suffering from mental illness at the time of the alleged misconduct. In that Respondent has not provided a transcription of all evidence relating to the disputed factual issues as required by Admission and Discipline Rule 23, Section 15, Respondent's petition for review does not raise an issue this Court can address. *In re Sekerez,* (1984) Ind., 458 N.E.2d 229.

■ Under Count I of the amended complaint, the Respondent is charged with engaging in illegal conduct involving moral turpitude, conduct prejudicial to the administration of justice and conduct which adversely reflects on his fitness to practice law, in violation, respectively of Disciplinary Rules 1–102(A)(3), (5) and (6) of the *Code of Professional Responsibility.* Upon review of the matters now before the Court, this Court now finds that during a period of approximately sixty (60) days prior to October 11, 1983, Michael Kurtz provided cocaine to Respondent on five or six occasions. On October 11, 1983, at the residence of Michael Kurtz, Respondent knowingly and intelligently possessed and used cocaine without a valid prescription or order of a practitioner acting in the course of his professional practice. By this conduct Respondent violated I.C. 35–48–4–6 and engaged in professional misconduct as charged under Count I of the amended complaint now before this Court.

Under Count II, the Respondent is again charged with violating Discipline Rules 1–

102(A)(3), (5) and (6). We find under this Count that on December 29, 1983, Respondent gave a statement under oath to the Indiana State Police admitting that on various occasions during the preceeding two years he purchased and possessed marijuana, controlled substances, unspecified narcotics and cocaine. Respondent further admitted to the distribution of cocaine to Mike Kurtz. By his admitted conduct, we now find that Respondent engaged in illegal conduct involving moral turpitude, conduct prejudicial to the administration of justice and conduct which adversely reflects on his fitness to practice law.

In Count III, Respondent is charged with neglecting a legal matter entrusted to him, failing to carry out a contract of professional employment and damaging his client during the course of the professional relationship, in violation, respectively, of Disciplinary Rules 6–101(A)(3) and 7–101(A)(2) and (3) of the *Code of Professional Responsibility.* Under this Count, we find that Respondent was employed to represent an individual in a probation revocation proceeding. Respondent failed to appear at a scheduled revocation hearing and two subsequently scheduled hearings. His client was assessed the witness fees and, eventually, probation was revoked. By his conduct, Respondent engaged in professional misconduct as charged under this Count.

Under Count IV, Respondent is charged with engaging in illegal conduct involving moral turpitude, conduct prejudicial to the administration of justice and conduct which adversely reflects on his fitness to practice law in violation of Disciplinary Rules 1–102(A)(3), (5) and (6) of the *Code of Professional Responsibility.* Additionally, under this Count, Respondent is charged with charging or collecting an illegal fee in violation of Disciplinary Rule 2–106(A) [now 2–105(A)] and counseling or assisting a client in conduct Respondent knew to be illegal or fraudulent and engaging in conduct contrary to a Disciplinary Rule in violation of Disciplinary Rules 7–102(A)(7) and (8).

Upon examination of the matters now before the Court, we now find that during 1983, Respondent, on a continual basis, used cocaine at the rate of approximately ten grams each week. In May of 1983, Respondent was employed to represent Kim Foss who was charged in the Monroe Circuit Court with possession of and dealing in cocaine. On May 13, 1983, Foss delivered to Respondent four ounces of cocaine as payment for legal services. In mid-June Foss again delivered cocaine to Respondent. This Court now further finds that the acts of Respondent constituted professional misconduct as charged under Count IV of the amended complaint.

It now becomes the duty of this Court to assess an appropriate disciplinary sanction. Upon an examination of the nature of the misconduct, it is readily apparent that Respondent, during the period relevant to the charges present in this case, had a very serious drug problem. He freely admits that he possessed and used marijuana, cocaine and other controlled substances contrary to the laws of the state. This was not incidental experimentation, but very substantial drug involvement. By reason of his drug problem, Respondent neglected legal matters and participated in illegal conduct with a client. His passion for drugs consumed his life and then destroyed his professionalism.

It is unfortunate, indeed, when a person trained to be a professional abandons his standards in the interest of satisfying his need for drugs. This is a tragic waste of training and ability. This Court, however, must protect the public from attorneys who, for whatever reason, lose sight of their ultimate responsibility to their client. In the present case the Respondent has clearly demonstrated that he is unfit to deserve the trust of the public; our disciplinary sanction must accordingly demonstrate the severity of this misconduct.

It is therefore ordered that, by reason of the violations of the *Code of Professional Responsibility* found under the complaint filed in this cause, the Respondent, K. Rich-

ard Payne, be, and hereby is, disbarred as an attorney in the State of Indiana.

Costs of this proceeding are assessed against the Respondent.