In the Matter of Max K. WALKER, Jr.

No. 20S00–9006–DI–405.

Supreme Court of Indiana.

Aug. 21, 1992.

R. Michael Parker, Barnes & Thornburg, Elkhart, for respondent.

Shelden Breskow, Executive Secretary, Indiana Supreme Court Disciplinary Com'n, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

### PER CURIAM.

The Respondent, Max K. Walker Jr., was charged in a disciplinary complaint with violations of Rules 8.4(a), 8.4(b), 8.4(c), and 8.4(d) of the *Rules of Professional Conduct for Attorneys at Law.* The hearing officer appointed in this case tendered his findings of fact which were not challenged by the parties. He declined to reach a conclusion as to whether Respondent's conduct violated the *Rules of Professional Conduct,* which is the issue argued by the parties and now before us for determination.

The unchallenged findings establish that Respondent represented the grievant in her dissolution of marriage action which was concluded in December, 1982. Shortly thereafter, they developed a personal relationship which lasted until 1987 when it began to deteriorate.

On March 5, 1987, Respondent visited the grievant's home after having consumed several alcoholic beverages. They discussed their deteriorating relationship, which discussion evolved into an argument. The grievant asked Respondent to leave her house and walked into her bedroom, expecting him to leave. Instead, Respondent followed her into the bedroom. In the course of the ensuing argument, the grievant suggested that the Respondent should "go (and have sex)" with a woman with whom he had cocktails with earlier. Respondent then straddled the grievant, slapped her several times, and hit her in the face with a closed fist cutting her lip. As Respondent was leaving the residence, he forcibly took the telephone from and pushed the grievant's nine-year old daughter. The incident was reported to the police but the incident report was lost and was not introduced in evidence.

At the time of the incident, Respondent was Chief Deputy Prosecuting Attorney for Elkhart County. The prosecutor, who was also Respondent's law partner, advised the grievant that she had a right to a special prosecutor. She declined but requested that Respondent receive counselling, pay her medical bills, pay for her daughter's counseling and have no further contact with her. All of these requests were met. The incident was reported in the local press and Respondent received considerable publicity.

Respondent urges this Court to conclude that no professional misconduct occurred. His argument is that the physical altercation was the culmination of a private, adult relationship, and that the battery "arose instantaneously" after provocation.

The circumstances presented by the findings reveal an act of domestic violence. This admittedly criminal conduct is not and did not remain a private matter. We are not persuaded by the claim of provocation, nor are we comforted by the fact that the grievant's daughter, also a victim of Respondent's conduct, recovered after some counselling sessions. Respondent's position as deputy prosecutor requires even stricter scrutiny of this conduct. As was stated in the *Matter of Oliver* (1986), Ind., 493 N.E.2d 1237, Respondent's duty to conform his behavior to the law does not arise solely out of his status as an attorney. As an officer charged with the administration of the law, Respondent's behavior has the capacity to bolster or damage public esteem for the system. Were those whose job it is to enforce the law break it instead, the public rightfully questions whether the system itself is worthy of respect. The damage this incident has undoubtedly brought to the public's esteem will be addressed only if Respondent is held accountable. We conclude that, as a prosecuting attorney, Respondent engaged in conduct prejudicial to the administration of justice in violation of Rule 8.4(d).

▮ Also, Respondent's conduct reflects upon his fitness as a lawyer and constitutes a violation of Rule 8.4(b). Not every violation of the penal code reflects upon an attorney's suitability as a practitioner. *See, Matter of Oliver, Supra.* The issue is whether there exists a nexus between the misconduct and the Respondent's duties to his clients, the courts, or the legal system. *Matter of Oliver, supra.* Another important assessment is the impact of the conduct on the public's perception of Respondent's fitness as a lawyer. *Matter of Roche* (1989), Ind., 540 N.E.2d 36. As a part-time prosecutor, Respondent inevitably encounters domestic assaults, and this incident calls into question his ability to zealously prosecute or to effectively work with the victims of such crimes. As a part-time practitioner, Respondent's effectiveness with his own clients or with adversaries in situations involving issues of domestic violence is compromised by his own contribution to this escalating societal problem. In both his capacities, we believe the perception of his fitness is tainted.

Finally, the findings do not support the Commission's allegation that Respondent committed acts of dishonesty, deceit, or misrepresentation, nor are we inclined to find as charged that Respondent violated Rule 8.4(a).

In assessing an appropriate sanction, we note that Respondent's violent outburst occurred after Respondent was asked to and expected to leave the grievant's home. Although not charged or prosecuted, Respondent's crime had two very real victims. Respondent's position as an official charged with the duty of enforcing the very laws he violated further exacerbates his actions.

In light of the foregoing, we find that the appropriate sanction is a suspension from the practice of law, and that Respondent's reinstatement should be automatic. It is, therefore, ordered that Max K. Walker, Jr. is suspended from the practice for a sixty-day period beginning September 21, 1992▮ Costs of this proceeding are assessed against the Respondent.