**In the Matter of Philip D. STULTS.**

**No. 49S00–9405–DI–421.**

Supreme Court of Indiana.

Dec. 29, 1994.

---

Clifford R. Courtney, Indianapolis, for respondent.

Donald R. Lundberg, Executive Secretary, Donna McCoy Spear, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Respondent, Philip D. Stults, was suspended *pendente lite* by this Court effective August 5, 1994, by reason of his plea of guilty to a charge of cocaine possession. This disciplinary action emanates from that conviction and other alleged professional misconduct. Pursuant to Ind.Admission and Discipline Rule 23 § 11(g), the Disciplinary Commission and the Respondent seek approval of a conditional agreement for discipline resolving all charges of professional misconduct. Respondent has submitted his affidavit as set forth in Admis.Disc.R. 23 § 17(a). This Court now approves the tendered agreement. The facts, conclusions of law, and discipline are more fully set out in the following opinion.

### Count I

In Count I of the verified complaint filed in this case, the Respondent is charged with violating Ind.Professional Conduct Rule 8.4(b) by engaging in a criminal act that reflects adversely upon his honesty, trustworthiness, or fitness as a lawyer in other respects, to-wit: possession of cocaine (IC 35–48–4–6). Accepting the agreement of the parties, this Court now finds that on February 1, 1992, Respondent was charged in Lake Superior Court, Criminal Division 1 with possession of cocaine in excess of three grams, a Class C felony. The charges were based on suspected evidence seized from Respondent's legal office. On February 7, 1992, while released from the first cocaine charge, Respondent was again arrested for possession of cocaine in a separate incident. On February 10, 1992, Respondent was again charged in Lake Superior Court, Criminal Division 1, with possession of cocaine in excess of three grams, a Class C felony. On January 8, 1993, both cases were amended to include conspiracy to possess cocaine, Class C felonies.

The February 1, 1992, possession charge against Respondent was dismissed in September 1993 when the evidence seized in his office was deemed inadmissible for lack of a proper search warrant. On April 22, 1994, Respondent entered into a stipulated plea of guilty to an amended charge of simple possession of cocaine, a Class D felony in the

second case. All other charges against Respondent were dismissed. At that time, Respondent was sentenced to two years in the Indiana Department of Correction, with one year suspended, and one year of probation. The term of imprisonment began on May 23, 1994. By way of mitigation, the parties have stipulated, *inter alia* that Respondent was addicted to cocaine, but further stipulate that no specific harm came to any client.

■ Under the former Disciplinary Rules 1–102(A)(3), (5) and (6), this Court concluded that the possession of cocaine involved moral turpitude, constituted conduct prejudicial to the administration of justice, and reflected adversely on an attorney's fitness to practice law. *In re Payne* (1986), Ind., 494 N.E.2d 1283; *In re Gorman* (1978), 269 Ind. 236, 379 N.E.2d 970. This Court has not specifically decided that the possession of cocaine constitutes a criminal act "adversely reflecting on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects" as now prohibited by Prof.Cond.R. 8.4(b). A finding of misconduct under the current rule involves a different course of analysis.

■ The present rule no longer uses "moral turpitude" as the standard for determining professional misconduct arising from criminal acts. As noted in the *Comment* to the rule, "(a)lthough a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice." Accordingly, rather than ascertaining whether a criminal act involves "moral turpitude," this Court must now determine if there is a nexus between the criminal act and one of the three personal qualities set forth in Prof.Cond.R. 8.4(b), to-wit: honesty, trustworthiness, or fitness as an attorney.

■ This does not mean, however, that prior determinations of misconduct for criminal acts as found in Count I are irrelevant. Prof.Cond.R. 8.4(b) closely parallels former Discipline Rule 1–102(A)(6) which prohibited conduct adversely reflecting on a lawyer's fitness to practice law. Therefore, to the extent prior cases involved issues of fitness in relationship to criminal acts, the decisions have application under the present rule. *In re Coleman,* (1991), Ind., 569 N.E.2d 631; *In re Roche,* (1989), Ind., 540 N.E.2d 36.

Under Count I in this case, the parties agree that Respondent possessed cocaine. The stipulated facts establish that this is not merely experimental use. There is no question that Respondent's control of the cocaine was knowledgeable and unjustified. In our assessment of fitness as an attorney, it is meaningful that possession of such contraband involved participation in an illegal transaction. It is also important that after being released from one charge of cocaine possession, Respondent was arrested for a second. Clearly, as the agreement provides, Respondent was addicted to cocaine and subject to all the ills associated with such addiction. An attorney who suffers a chemical dependency as presented in this case is not fit to represent clients. The fact that no specific harm came to a client is good fortune, but not controlling. It is this Court's assessment that the chemical dependency present in this case clearly establishes that Respondent could "not be trusted to keep his client's secrets, give effective legal advice, fulfill his obligation to the courts, and so on." *In re Oliver* (1986), Ind., 493 N.E.2d 1237 at 1242. Accordingly, we find that Respondent violated Prof.Cond.R. 8.4(b).

### Count II

■ In Count II, Respondent is again charged with violating Prof.Cond.R. 8.4(b) by the commission of a criminal act, to-wit: operating a vehicle while intoxicated (IC 9–11–2–2). The parties have stipulated that while released on bail pending prosecution on the Lake County charges and while being a fugitive from justice, Respondent was arrested in Indianapolis, Indiana, for operating a vehicle while intoxicated, a Class A misdemeanor. Respondent was charged in Marion Municipal Court 10 with such offense and plead guilty on June 28, 1993. Respondent was sentenced to one year in jail, 361 days of which were suspended and placed on probation for one year.

■ As discussed above, in order to find misconduct under Prof.Cond.R. 8.4(b), this Court must conclude that the criminal acts of Respondent reflected adversely upon his

honesty, trustworthiness, or fitness as a lawyer. The above analysis employed for the criminal act of possession of cocaine applies in the analysis of criminal conduct involving operating a vehicle while intoxicated. See, *In re Coleman, supra.* In the present case, Respondent was a fugitive from justice at the time he was arrested. The driving while intoxicated charge was part of a history of criminal conduct emanating from the illegal use of drugs and misuse of alcohol. The pattern of misconduct demonstrates that Respondent was not fit to represent clients. The fact that Respondent was a fugitive from justice reflects adversely on his trustworthiness. Accordingly, this Court now finds that Respondent violated Prof.Cond.R. 8.4(b) as charged in Count II of the complaint.

### Discipline

■ The parties to this proceeding have tailored their recommended sanction to be consistent with the *American Bar Association Standards for Imposing Lawyer Discipline.* In furtherance of the requested discipline, the parties have agreed to the mitigation present in this case. Consideration of aggravating and mitigating circumstances is part of this Court's assessment of an appropriate level of discipline. *In re Cawley* (1992), Ind., 602 N.E.2d 1022; *In re Wells* (1991), Ind., 572 N.E.2d 1290. The parties stipulate that Respondent's chemical dependency began following personal marital problems. Respondent became addicted to cocaine which led to his arrest in 1992 and conviction in 1994. The Operating a Vehicle While Intoxicated charge came during a period of time when Respondent was separated from his family. As a direct result of the criminal conduct Respondent resigned from his father's law firm. Respondent recognizes that he brought shame and humiliation on his family name, his father and brothers who practice in the firm, and on the legal profession. Respondent is remorseful for his conduct. Respondent's chemical dependency lead to the problem; his misconduct did not involve client cases, harm to his clients, or the misuse of funds belonging to others. Respondent has not been previously disciplined and his conduct was not the product of dishonest or selfish motives. Lastly, the parties stipulate that the criminal conduct present in this case occurred over two years ago and that he has been punished for such crimes, successfully completed substance abuse treatment and is rehabilitated from his past chemical and alcohol dependency.

In cases involving criminal conduct, the *American Bar Association Standards for Imposing Discipline* recommends disbarment when:

"(a) a lawyer engages in serious criminal conduct a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion misappropriation, or theft; or the sale, distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses;" or

"(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice." (*Standard 5.11*)

Suspension is recommended when:

"a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness." (*Standard 5.12*)

Based on these standards and the mitigation present in this case, the Disciplinary Commission and the Respondent agree that the appropriate discipline is a six (6) month suspension from the practice of law, without automatic reinstatement, retroactive to August 5, 1994, the effective date of this Court's order of suspension. Under the proposed discipline, the Respondent will be admitted only after demonstrating under the rules for reinstatement that he can be safely recommended to the practice of law. The Court accepts the conditional agreement for discipline.

In view of the above considerations, it is hereby ordered that the Respondent, Philip D. Stults, is suspended from the practice of law in the State of Indiana, effective August 5, 1994, without automatic reinstatement.

Costs of this proceeding are assessed against the Respondent.

DICKSON, J., not participating.