**In the Matter of Robert B. WRIGHT.**

No. 02S00–9410–DI–986.

Supreme Court of Indiana.

April 6, 1995.

Robert S. Bechert, Tremper, Bechert, Leonard & Terrill, P.C., Fort Wayne, for respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

1.  Prof.Cond.R. 8.4(b) provides:
    It is professional misconduct for a lawyer to:

    .  .  .  .  .

    (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

    .  .  .  .  .  .

## DISCIPLINARY ACTION

PER CURIAM.

Respondent Robert B. Wright has been charged by the Disciplinary Commission with violating Ind.Professional Conduct Rule 8.4(b).[1] Pursuant to Ind.Admission and Discipline Rule 23, Section 11(g), the Respondent and the Commission have tendered for this Court's approval a statement of circumstances and conditional agreement for discipline, therein agreeing that the Respondent engaged in the charged misconduct, and further agreeing on a sanction to be imposed for that misconduct. The Respondent has tendered an affidavit with the agreement, pursuant to Admis.Disc.R. 23(17)(a). After careful examination of all matters submitted in this cause, we now find that the agreement should be approved. This opinion more fully sets out the facts, conclusions of law, and professional sanction imposed in this case.

Adopting the factual recitation contained in the agreement, we now find that the Respondent was admitted to the Bar of this state on August 18, 1987, and is therefore subject to this Court's disciplinary jurisdiction. On April 25, 1994, the Respondent was charged in the Allen Superior Court, by information in two counts, with the crimes of possession of cocaine and failure to pay substance excise tax. Pursuant to its defining statute, each of those crimes is punishable as a Class D felony.[2] On August 17, 1994, pursuant to a plea agreement and the alternative sentencing guidelines contained in I.C. 35–50–2–7(b), a judgment of conviction was entered against the Respondent, and he was sentenced as a Class A misdemeanant. He received a one year suspended sentence and was placed on one year of active probation. This Court suspended the Respondent from the practice of law *pendente lite* on December 21, 1994.

■ Following his arrest, the Respondent admitted his wrongdoing and acknowledged that he had a drug and alcohol depen-

2.  *See* I.C. 35–48–4–6 and I.C. 6–7–3–11, respectively.

dency. An attorney who suffers a chemical dependency may be unfit to represent clients, because such an attorney may be incapable of keeping his client's secrets, giving effective legal advice, fulfilling his obligation to the courts, and so on. *In re Stults* (1994), Ind., 644 N.E.2d 1239, citing *In re Oliver* (1986), Ind., 493 N.E.2d 1237. We find that by the misconduct set out above, the Respondent violated Prof.Cond.R. 8.4(b) by engaging in a criminal act, the possession of cocaine, that reflects adversely on his fitness to practice law. *Stults*, 644 N.E.2d 1239 (attorney's unjustified and illegal chemical dependency on cocaine, which resulted in a criminal conviction for possession of cocaine, was violative of Prof.Cond.R. 8.4(b)).[3]

The parties have agreed upon a six-month period of suspension, with part of that period conditionally stayed, followed by a two year probationary period. Provisions of the agreement subject the Respondent to substantial rehabilitative and monitoring activities both during the term of his suspension period and during the period of probation. We accept the agreed discipline, in part based on the extensive mitigating factors to which the parties have stipulated. Most important, we think, is the Respondent's willingness to admit his wrongdoing, to acknowledge the chemical and alcohol dependency leading to his professional misconduct, and to seek relevant medical and professional treatment and rehabilitative programs. Specifically, after his arrest on April 20, 1994, the Respondent entered a chemical dependency program, completed it, and has continued involvement in the program's "after care" protocol. He has regularly attended meetings of Alcoholics Anonymous, Cocaine Anonymous, and Narcotics Anonymous. He has met regularly with a psychiatrist and a counselor, in addition to his required meetings with his criminal probation officer. In the course of his adult active probation, the Re-

spondent has submitted to at least two drug screenings, and tested negative each time. The parties agree that since his arrest, the Respondent has completely abstained from using drugs or alcohol.

Throughout this disciplinary proceeding, the Respondent has cooperated fully with the Commission, most notably by providing full disclosure of facts, and by willingly entering into the agreed resolution of this matter. Prior to the present misconduct, the Respondent's professional and criminal records were unblemished. We also note that the Respondent, after his arrest, provided *pro bono* legal representation of drug and alcohol impaired indigent persons up until the time of his *pendente lite* suspension.

The Commission and the Respondent also stipulate to the fact that the Respondent's misconduct had no adverse effect on any client. One of the functions of the disciplinary process is to protect the public from attorneys who are, for whatever reason, unfit to practice law. *In re Stover–Pock* (1992), Ind., 604 N.E.2d 606, *In re Erbecker* (1987), Ind., 513 N.E.2d 1214. The fact that no harm comes to a client is good fortune, but not controlling. *Stults*, 644 N.E.2d 1239, 1241. Thus, we give this purported mitigating factor diminished weight.

We also accept the parties' agreement because we are convinced that the rehabilitative steps the Respondent has taken thus far demonstrate his significant commitment to overcoming his addictions. Initiation of a meaningful program aimed at treatment and rehabilitation is prerequisite to the Respondent's readmission to the practice of law. The agreement tendered by the parties contains extensive provisions to satisfy this need. The agreement also provides for exhaustive monitoring of the Respondent both during his suspension and for two years thereafter. Thus, we are convinced also that the agreement will allow this Court to fulfill its obligation of protecting the public, the

---

3. This Court has stated that the possession of illegal drugs by an attorney "indicates an inevitable contact with the chain of distribution and trafficking of illegal drugs ... [t]he impact [of which] is of such severity that it affects adversely the public's perception of Respondent's fitness to be an officer of the Court." *In re Jones* (1987), Ind., 515 N.E.2d 855, 856 (attorney found to have violated D.R. 1–102(A)(6) for illegal possession of marijuana).

Bar, and the profession from any future misconduct of the Respondent.

It is, therefore, ordered that the Respondent, Robert B. Wright, is suspended from the practice of law for a period of six (6) months, beginning December 21, 1994. The remaining term of the Respondent's suspension is hereby stayed, and the Respondent is conditionally reinstated, effective immediately.[4] It is further ordered that the Respondent shall be subject to a period of probation for a term of two years from the date of this opinion, and that his right to practice law shall be subject to the following terms and conditions contained in the approved agreement:

(1) that the Respondent has, since the date of this Court's order, and shall remain free from the use of alcohol or other intoxicating or addicting substances, or other drugs not prescribed for therapeutic purposes;

(2) that the Respondent shall continue his monitoring program with the Impaired Lawyer's Committee in the manner set forth in the tendered agreement;

(3) that the Respondent shall participate at least three times weekly in meetings of Alcoholics Anonymous, Cocaine Anonymous, Narcotics Anonymous, or an equivalent recovery group specifically authorized and approved by the Executive Secretary of the Disciplinary Commission, and shall submit a written monthly report to his Impaired Lawyer's Committee monitor in which he certifies under oath his compliance with this provision or sets forth under oath any instances of failure to comply with this provision and a detailed explanation therefor. The Respondent shall supply to his monitor the name of an individual or individuals who can personally vouch for his attendance at the meetings described above, or, alternatively, submit written proof of meeting attendance acknowledged by the initials of another individual in attendance at the meeting;

(4) that the Respondent shall attend at least one meeting per week of the Justice Society (a recovering lawyer support group based in Indianapolis), the Calduceus Group (a recovering physician support group based in Fort Wayne, which is open to lawyers and other recovering professionals), or another equivalent support group specifically authorized and approved by the Executive Secretary. The Respondent shall submit a written monthly report to his Impaired Lawyer's Committee monitor in which he certifies under oath his compliance with this provision or sets forth, under oath, any instances of failure to comply with this provision and a detailed explanation therefor. The Respondent shall supply to his monitor the name of an individual or individuals who can personally vouch for his attendance at the meetings described above;

(5) that the Respondent shall continue to participate in individual counseling and treatment with his counselor and psychiatrist at times and frequencies recommended by them, and shall execute the necessary consents and waivers to permit the Executive Secretary of the Commission and the Respondent's monitor to obtain periodic status reports from the counselor and the psychiatrist, and the results of any testing administered for the purpose of determining the presence of alcohol or drugs in the Respondent's body;

(6) that the Respondent shall perform no less than one hundred (100) hours of *pro bono* legal representation of clients referred to him by the agencies in the Fort Wayne area that provide services to individuals recovering from alcohol and chemical dependency. The Respondent shall submit to his monitor a quarterly report setting forth under oath the nature of the legal work undertaken, the referral source and the time spent in compliance with this provision;

---

4. We allow the Respondent to be conditionally reinstated as of the date of this opinion pursuant to the terms of the tendered agreement, which call for a stay of a portion of the six month term of suspension upon the Respondent's submission to the Commission of a "certification" stating that the Respondent has remained sober and free from the use of alcohol or illicit drugs, and that he had arranged with the Indiana State Bar Association's Impaired Lawyer's Committee to be extensively monitored by a member of that Committee. The Respondent timely submitted his certification to the Commission, stating therein that he had complied with these terms.

(7) that the Respondent shall remain in compliance with all terms and conditions of probation imposed upon him as a result of his criminal conviction, for which he is under the supervision of the Adult Probation Department of Allen County, and shall execute the necessary consents and waivers to permit the Executive Secretary of the Commission and the Respondent's monitor to obtain periodic status reports from the Adult Probation Department of Allen County and the results of any testing administered for the purpose of determining the presence of alcohol or drugs in the Respondent's body; and

(8) that the Respondent shall otherwise promptly comply with all reasonable requests for information and cooperation submitted to him by the Executive Secretary of the Commission and the Respondent's monitor.

This Court shall maintain continuing jurisdiction over this matter until such time as the Executive Secretary of the Commission has certified to the Court that the Respondent has complied with the terms of this order. The burden of compliance with the terms of this order shall remain with the Respondent, and all costs of compliance with this order shall be borne by the Respondent. If, at any time during the Respondent's period of probation, the Commission should have reasonable cause to believe that the Respondent is in material breach of any of the terms and conditions of this order, the Executive Secretary may petition the Court for relief from the conditionally stayed period of suspension. Upon a finding by the Court that the Respondent has materially breached any of the terms and conditions of this order, the Respondent shall be suspended for the entire unstayed portion of his six month suspension period, at the conclusion of which he will not be automatically reinstated, but shall be eligible to petition for reinstatement in accordance with Admis.Disc.R. 23(4) and (18). Upon the Respondent's successful completion of all the terms and conditions of the two year period of probation, as set forth above, he will be relieved of the obligation to further comply with this order and will be fully reinstated to the practice of law.

Costs of this proceeding are assessed against the Respondent.