In the Matter of Alfred E. McCLURE.

No. 79S00–9208–DI–626.

Supreme Court of Indiana.

July 5, 1995.

David J. Ryan, Indianapolis, for respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

The Disciplinary Commission and the Respondent, Alfred E. McClure, ask us to approve their proffered Statement of Circumstances and Conditional Agreement for Discipline entered pursuant to Ind.Admission and Discipline Rule 23, Section 11(d). The agreement purports to resolve the charges brought by the Commission against the Respondent for alleged violations of the *Rules of Professional Conduct for Attorneys at Law* stemming from a physical altercation which occurred during a deposition. The Respondent has tendered an affidavit with the agreement, as contemplated by Admis.Disc.R. 23(17). We accept the agreement, and herein more fully set forth the facts and circumstances of this case.

As a preliminary matter, we find that the Respondent's admission to this state's Bar in 1969 provides this Court with disciplinary jurisdiction of this case. As stipulated by the parties, we now find that in 1987, the Respondent was named as a co-defendant, along with a corporation, in a civil adversary proceeding. The Respondent's wife, as representative of the defendant corporation, was deposed by plaintiff's counsel on June 5, 1990. The Respondent was present, serving

as her counsel. Throughout the questioning that day, plaintiffs sought to discover the whereabouts of a certain sum of money paid to the corporation. The Respondent's wife consistently expressed a lack of knowledge or failure of memory with respect to the funds. The overall tenor of the deposition was emotional and tense. Eventually, during questioning by plaintiff's counsel, the Respondent's wife indicated that she was not feeling well and rose from her seat. At that time, the Respondent threw the contents of a soft drink cup on the plaintiff's attorney and grabbed him near or around his neck, restraining him in his chair.[1] The disruption resulted in the deposition's premature conclusion.

■ The Commission charged that the Respondent's attack was a criminal act[2] reflecting adversely on his honesty, trustworthiness, and fitness as a lawyer, and thus violative of Ind.Professional Conduct Rule 8.4(b).[3] Not every type of unlawful conduct reflects adversely on one's fitness to practice law. *See Comment* to Prof.Cond.R. 8.4; *In re Walker* (1992), Ind., 597 N.E.2d 1271. There must exist a nexus between the criminal act and one of the three personal qualities set forth in Prof.Cond.R. 8.4(b). *In re Stults* (1994), Ind., 644 N.E.2d 1239, 1241. Offenses involving violence represent conduct that may be said to indicate a lack of characteristics relevant to law practice. *See Comment* to Prof.Cond.R. 8.4. Respondent's conduct demonstrated a complete lack of civility

and a total breakdown of self restraint. We therefore find that the Respondent violated Prof.Cond.R. 8.4(b).

■ We also conclude that the Respondent violated Prof.Cond.R. 3.5(c)[4] by engaging in conduct intended to disrupt a tribunal, and Prof.Cond.R. 8.4(d)[5] by engaging in conduct that is prejudicial to the administration of justice.

■ The parties initially agreed that a thirty (30) day suspension from the practice of law adequately addressed the Respondent's misconduct. We disagreed, and rejected the thirty day suspension as insufficient. The parties subsequently agreed on a sixty (60) day suspension. They have also agreed that several mitigating factors exist, including the Respondent's professed remorse, and the fact that he and the plaintiff's attorney were apparently embroiled in a long-running personal feud at the time of the misconduct. However, these extenuating circumstances do little to justify the Respondent's misconduct. The assault not only conflicted with the orderly administration of justice, it seriously threatened the interests served by effective representation. Violent outbursts of this sort will not be tolerated. We approve the agreed sixty day suspension.

It is, therefore, ordered that the Respondent, Alfred E. McClure, be suspended from the practice of law for a period of sixty (60) days, beginning August 11, 1995, at the con-

---

1. The parties dispute several facts regarding the events immediately preceding the Respondent's actions. The Respondent contends that the plaintiff's attorney rose from his chair rapidly as the Respondent's wife attempted to leave the room. The Respondent recalls that he was acting out of a belief that plaintiff's attorney was rising to prevent her leaving. Other witnesses have no recollection of opposing counsel rising from his chair.

2. In its verified complaint, the Commission states that the Respondent's acts constitute battery, in violation of I.C. 35–42–2–1.

3. Prof.Cond.R. 8.4(b) provides:
   It is professional misconduct for a lawyer to:

   .    .    .    .    .

   (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

4. Prof.Cond.R. 3.5(c) provides:

   A lawyer shall not:

   .    .    .    .    .

   (c) engage in conduct intended to disrupt a tribunal.

5. Prof.Cond.R. 8.4(d) provides:

   It is professional misconduct for a lawyer to:

   .    .    .    .    .

   (d) engage in conduct that is prejudicial to the administration of justice;

   .    .    .    .    .

clusion of which he shall be automatically reinstated.

Costs of this proceeding are assessed against the Respondent.