**In the Matter of E. Kent MOORE.**

No. 79S00–9406–DI–576.

Supreme Court of Indiana.

May 15, 1996.

E. Kent Moore, Robert S. Laszynski Laszynski & Moore, Lafayette, for Respondent.

Donna McCoy Spear, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The respondent, E. Kent Moore, has been charged with engaging in conduct intended to disrupt a tribunal, committing a criminal act which adversely reflects on his fitness as a lawyer, and engaging in conduct prejudicial to the administration of justice.[1] In accordance with *Ind.Admission and Discipline Rule 23*, a Hearing Officer was appointed; a hearing was conducted; and the Hearing Officer has tendered his report to this Court. The respondent now petitions the Court for review of the Hearing Officer's report. Both parties have filed briefs relating to the petition for review.

■ This Court's review in disciplinary cases is *de novo* in nature and involves consideration of the entire record submitted in the case. *In re Robak*, 654 N.E.2d 731 (Ind. 1995); *In re Blackwelder*, 615 N.E.2d 106 (Ind.1993). The Hearing Officer's report, being a product of direct observation of wit-

nesses, is given appropriate emphasis, but this Court is the final arbiter of disputed facts and ultimately determines all factual and legal conclusions. *In re Robak, supra.; In re Levinson*, 604 N.E.2d 599 (Ind.1992); *In re Gemmer*, 566 N.E.2d 528 (Ind.1991).

Applying the above-noted standard of review, this Court now finds that on December 17, 1993, the respondent, representing a father and grandparents seeking visitation rights, appeared in the Tippecanoe Circuit Court for a hearing before the judge. Prior to the scheduled hearing, the respondent and opposing counsel met with the judge in chambers to discuss the resolution of issues before the court. During the meeting, opposing counsel suggested that the respondent was not being truthful. As the respondent and opposing counsel were leaving the chambers, the respondent told opposing counsel that he was offended by his comment and took opposing counsel's tie in his hand. After the respondent released the tie, opposing counsel called the respondent a "son of a bitch." The respondent struck opposing counsel with one blow causing him to fall back onto a table in the judge's chambers. The judge ordered the attorneys out of his office and thereafter recused himself from the case.

In his petition for review, the respondent challenges factual and legal conclusions offered by the Hearing Officer. The respondent asserts that at the time the above-noted contact took place between the respondent and opposing counsel, the court was not in session. Building on this rickety premise, the respondent concludes that his conduct was not intended to disrupt a tribunal. The respondent further asserts that his conduct was a "simple battery" and not a "violent" act; therefore, the criminal act in this case did not adversely reflect on the respondent's fitness as an attorney. Lastly, the respondent argues that since the judge recused himself, the hearing was not delayed, and the

<hr/>

1. *Professional Conduct Rule 3.5(c)* provides that a "lawyer shall not engage in conduct intended to disrupt a tribunal."

   *Professional Conduct Rule 8.4(b)* provides that "it is professional misconduct for a lawyer to ... commit a criminal act that reflects adversely on

the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

   *Professional Conduct Rule 8.4(d)* provides that "it is professional misconduct for a lawyer to ... engage in conduct that is prejudicial to the administration of justice."

parties settled the case in the end, the conduct of the respondent was not prejudicial to the administration of justice.

■ This Court finds little merit to the arguments offered by the respondent. The respondent is attempting to diminish the totality of the circumstances by artfully isolating the components. We do not embrace this analytical approach in disciplinary matters. This Court assesses disciplinary misconduct on the totality of the circumstances found in the case.

Evidence should not be weighed in fragmentary parts, but rather viewed as a whole to see or understand the pattern which it presents. It has been said that test is not to be applied to isolated items, but rather to the probative force of all the items when put together. *In re Pawlowski*, 240 Ind. 412, 165 N.E.2d 595 (1960).

■ The fact that the parties had concluded their discussion before the trial court judge does not mean that the responsibility for professional decorum before a tribunal automatically ceased. The significant facts are that immediately after concluding discussion in chambers of a case pending before the judge, the respondent grabbed and struck opposing counsel thereby knocking him over a table in the judge's office. When the crucial events occurred, the respondent was before a tribunal. *See, In re McClure*, 652 N.E.2d 863 (Ind.1995). Accordingly, we find that the respondent intentionally disrupted a tribunal and, accordingly, violated *Ind. Professional Conduct Rule 3.5(c)*.

■ The respondent is also charged with violating *Prof.Cond.R. 8.4(b)* by engaging in a criminal act that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer in other respects. As noted in the *Comment* to this rule, "although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice." There must be a nexus between the criminal act and one of the three personal qualities set forth in *Prof.Cond.R. 8.4(b)*, to-wit: honesty, trustworthiness, or fitness as an attorney. *In re McClure, supra; In re*

*Stults*, 644 N.E.2d 1239 (Ind.1994). The respondent's attempt to somehow characterize the battery in this case as inconsequential misses the point. Again, the totality of the circumstances establishes that respondent struck an opposing counsel while exiting from a conference in a judge's chambers. The force of the blow knocked opposing counsel across a table in the office. We find no difficulty in concluding that the requisite nexus is present. The respondent's conduct clearly and unequivocally reflected adversely on his fitness as an attorney. The respondent violated *Prof.Cond.R. 8.4(b)*.

■ The respondent raises a "no harm, no foul" defense to the charge that striking opposing counsel in chambers was conduct prejudicial to the administration of justice. He argues that the judge recused himself, the case was not delayed, and the parties ultimately agreed. This defense, however, ignores the full level of obligation owed by lawyers to the administration of justice. Former Chief Justice Burger described the role of an attorney in the administration of justice as follows:

As an officer of the court, a member of the bar enjoys singular powers that others do not possess; by virtue of admission, members of the bar share a kind of monopoly granted only to lawyers. Admission creates a license not only to advise and counsel clients but also to appear in court and try cases; as an officer of the court, a lawyer can cause persons to drop their private affairs and be called as witnesses in court, and for depositions and other pretrial processes that, while subject to the ultimate control of the court, may be conducted outside courtrooms. The license granted by the court requires members of the bar to conduct themselves in a manner compatible with the role of courts in the administration of justice. *In re Snyder*, 472 U.S. 634, at 644–45, 105 S.Ct. 2874, at 2881, 86 L.Ed.2d 504 (1985).

As set forth in the *Rules of Professional Conduct*, the administration of justice includes the resolution of a case by an orderly procedure. *See, Howell v. State Bar of Texas*, 843 F.2d 205 (5th Cir.1988). The respondent's conduct in the present case clearly

fails to meet reasonable expectations in this regard. Conduct, as found in this case, violates *Prof.Cond.R. 8.4(d)*. *In re McClure, Supra.* Accordingly, we find that the respondent engaged in conduct prejudicial to the administration of justice and violated *Prof.Cond.R. 8.4(d)*.

 It is now the duty of this Court to assess an appropriate discipline for the misconduct found in this case. The Hearing Officer has recommended a period of suspension, and the respondent argues for a reprimand. This Court is not bound by the Hearing Officer's recommendation for discipline. *In re Robak, Supra.* Our ultimate determination of sanction is determined by consideration of factors such as: the nature of the misconduct; actual or potential injury flowing from the misconduct; the state of mind of the respondent; the duty of this Court to preserve the integrity of the profession; the potential injury to the public in permitting the respondent to continue in the profession; and matters in mitigation; extenuation, or aggravation. *In re Cawley, Jr.*, 602 N.E.2d 1022 (Ind.1992); *In re Wells*, 572 N.E.2d 1290 (Ind.1991). The respondent's conduct in this case seriously threatened the orderly administration of justice. As an officer of the Court, the respondent has been entrusted with the duty of providing effective representation in a responsible manner. By striking opposing counsel, Respondent grossly failed to meet his duty. His conduct undermines public confidence in and respect for the legal system. When misconduct of this level is found, this Court must impose discipline that demonstrates our abhorrence for such conduct and preserves·confidence in the integrity of the legal profession. The respondent's conduct warrants a period of suspension.

Accordingly, in light of the violations of *Prof.Cond.R. 3.5(c), 8.4(b), and 8.4(d)* found in this case, the respondent, E. Kent Moore, is hereby suspended from the practice of law for a period of sixty (60) days beginning June 15, 1996. Upon completion of this period of suspension, the respondent will be automatically readmitted to the practice of law.

Costs of this proceeding are assessed against the respondent.