In the Matter of John P. **GEMMER.**

No. 92S00–9508–DI–946.

Supreme Court of Indiana.

May 8, 1997.

John R. Fleck, Fort Wayne, for Respondent.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Comm'n.

PER CURIAM.

After the respondent, John P. Gemmer, was convicted of the crime of conversion, the Disciplinary Commission charged him with violations of the *Rules of Professional Conduct for Attorneys at Law* stemming from his conviction. The hearing officer appointed by this Court, after full evidentiary hearing, made factual findings and concluded that the respondent engaged in lawyer misconduct as charged. This matter is now before us for final resolution. Because neither party has petitioned this Court for review of the hearing officer's report, we accept the findings contained therein, but reserve final determination as to misconduct and sanction. *In re Gallo*, 619 N.E.2d 921 (Ind.1993).

The respondent was admitted to this state's bar in 1972. We now find that during relevant periods, he was a member of a V.F.W. Post (the "Post") in Whitley County, Indiana. At the Post, he served as "Quartermaster" and as such was responsible for the stewardship of the Post's funds. On October 7, 1994, the Whitley County Prosecuting Attorney charged the respondent with the crime of criminal conversion, in violation of I.C. 35–43–4–3, by knowingly exerting unauthorized control over the property of the Post. Specifically, the respondent converted the Post's funds to his own use, spending much of the money gambling. On October 31, 1994, the respondent pleaded guilty to one count of criminal conversion, a Class A misdemeanor, and the trial court entered a judgment of conviction against him. On December 9, 1994, the trial court sentenced the respondent to a one-year suspended term of incarceration and ordered him to perform 100 hours of community service. The trial court conditioned the suspension of his incarceration on his signing a promissory note pursuant to which he agreed to pay restitution to the Post at a rate of $600 per month

until total restitution of $22,326.14 had been made.

By committing a criminal act, conversion, that reflects adversely on his honesty, trustworthiness, and fitness as a lawyer in other respects, the respondent violated Ind. Professional Conduct Rule 8.4(b). His actions also constitute conduct involving dishonesty, fraud, deceit, and misrepresentation, and therefore violate Prof.Cond.R. 8.4(c).

 Having found misconduct, we must now assess an appropriate discipline. Our analysis entails examination of various relevant factors, including the nature of the misconduct, the attorney's state of mind underlying the misconduct, actual or potential injury flowing from the misconduct, the duty of this Court to preserve the integrity of the profession, the risk to the public in allowing the respondent to continue in practice, and matters in aggravation and mitigation. *In re Heamon*, 622 N.E.2d 484 (Ind. 1993). The respondent betrayed the trust the Post had reposed in him by unlawfully helping himself to its funds. His actions reflect an intent to commit a clearly illegal act. Such intent is, for purposes of attorney discipline, viewed as the most culpable of mental states.[1] *In re Helman*, 640 N.E.2d 1063, 1064 (Ind.1994). Furthermore, his crime is of a type that calls into question his capacity as one who can be trusted to keep his clients' secrets, give effective legal advice, fulfill his obligation to the courts, act as a fiduciary, and discharge other lawyerly obligations. More generally, we note that the respondent has been disciplined by this Court once before, receiving a private reprimand for unrelated misconduct in 1990.

In mitigation, the hearing officer found that the respondent was fully cooperative during the criminal and disciplinary proceedings. He also found that the respondent's crime was likely an outgrowth of his past problems with clinical depression, alcoholism, and gambling, but that the respondent has received treatment for depression and alcoholism.

Despite the extenuating factors, the respondent's misconduct is severe and deserving of a significant period of suspension, both the protect the public from future malfeasance and to indicate this Court's intolerance of such conduct. Additionally, the evidence of alcoholism and other personal problems also calls into question the respondent's current fitness to practice law. Accordingly, we conclude that as conditions precedent to the respondent's reinstatement, he must demonstrate that he has obtained treatment for his personal problems. We will also require that he demonstrate he has provided complete restitution to the Post.

It is, therefore, ordered that the respondent, John P. Gemmer, is hereby suspended from the practice of law in this state for a period of not less than one year, beginning June 13, 1997. At the conclusion of that period, he may petition this Court for reinstatement, provided he meets the requirements of Ind.Admission and Discipline Rule 23(4), and provided further that he (1) demonstrate that he has received treatment for any emotional, substance, and/or behavioral problems he may have and that he continues to receive such treatment; and (2) that he demonstrate he has provided complete restitution, in the amount of $22,326.14, to the V.F.W. Post from which he converted funds.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

---

1. In the context of lawyer discipline, "intent" is said to be the "conscious objective to achieve a certain outcome" or a particular result. *In re*

*Thompson*, 624 N.E.2d 466, 469 (Ind.1993); American Bar Association *Standards for Imposing Lawyer Sanctions*, Theoretical Framework.