**In the Matter of James Michael KUMMERER.**

No. 03S00–9806–DI–319.

Supreme Court of Indiana.

Aug. 4, 1999.

Richard Kammen, Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Fredrick L. Rice, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

**DISCIPLINARY ACTION**

*AMENDED OPINION*

PER CURIAM.

Police stopped lawyer James Michael Kummerer for possession of cocaine. He acknowledged purchasing it shortly before. We find that he should be suspended from the practice of law.

This attorney disciplinary action is before this Court for approval of a *Statement of Circumstances and Conditional Agreement for Discipline* tendered by the Disciplinary Commission and the respondent pursuant to Ind.Admission and Discipline Rule 23(11)(g). The agreement is proffered in resolution of disciplinary charges pending against the respondent as a result of his criminal conduct. It calls for a suspension from the practice of law for a period of six months, the first 30 days of which shall be served as an active suspension from the practice of law, and the balance of the suspension to be stayed conditionally, with a one year probation period thereafter. After considering the tendered agreement, we conclude that we should approve it and adopt the agreed terms of probation.

The respondent was admitted to the bar of this state on May 1, 1974, and is thus subject to this Court's disciplinary jurisdiction. The parties now agree that on October 20, 1995, a Marion County Sheriff's deputy received a tip from an individual who reported that a man in a black Jeep possessed cocaine. The individual provided the deputy with the Jeep's license number. The deputy located the Jeep in the area of the location of his interview with the informant. The respondent was inside the vehicle. Upon a search of the respondent's person, the deputy discovered a baggy containing a substance which subsequent tests revealed to be slightly over three grams of cocaine. The respondent was arrested for suspected possession of cocaine. During questioning, he informed

the deputy he had purchased the baggy shortly before being stopped.

■ We find that, by possessing cocaine, the respondent violated Prof.Cond.R. 8.4(b), which provides that it is professional misconduct for a lawyer to commit a criminal act which reflects adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects.[1]

■ Having concluded that the respondent engaged in professional misconduct, we must now assess the appropriateness of the agreed discipline. While assessing discipline, this court also considers aggravating and mitigating circumstances. *See, e.g., Matter of Christoff and Holmes,* 690 N.E.2d 1135 (Ind.1997); *Matter of Darling,* 685 N.E.2d 1066 (Ind.1997); *Matter of Conway,* 658 N.E.2d 592 (Ind.1995). Here, in mitigation, the parties agree that the respondent has cooperated with the Commission in the course of these proceedings. We further note that this is the first disciplinary action against the respondent in twenty-five years of practice and involves misconduct not directly related to or arising out of the respondent's legal practice. The parties also agree that the respondent's possession of cocaine was the result of a single act of bad judgment, that the respondent immediately underwent a professional drug evaluation, and that he has submitted to more than 100 supervised random drug screens. The evaluation, including a later examination requested by the Commission, revealed no drug dependency or addiction, or the need for education or other remedial action. Further, all of the respondent's drug screens have been negative.

The present recommended sanction is within the range imposed in other cases involving isolated criminal conduct outside the respondent attorney's practice of law. *See, e.g., Matter of Martenet,* 674 N.E.2d 549 (Ind.1996) (six-month suspension for three drunk driving convictions conditionally stayed providing the respondent continue alcohol treatment); *Matter of Behrmann,* 664 N.E.2d 730 (Ind.1996) (30–day suspension for causing falsified tax return for own business to be prepared where no criminal charges were brought); *Matter of Wright, supra* (six-month suspension for cocaine possession with portion of suspension conditionally stayed); *Matter of Stults, supra* (six month suspension for cocaine possession and drunk driving).

In light of the mitigating factors, precedent, our desire to foster agreed resolutions of lawyer disciplinary cases, and the agreed conditions attendant to the respondent's suspension, we are persuaded that the proposed disciplinary sanction is appropriate under the circumstances of this case. It is therefore, ordered that the respondent James Michael Kummerer, is hereby suspended from the practice of law for a period of six (6) months, beginning August 30, 1999, the first thirty (30) days of which shall be served as an active suspension with the balance conditionally stayed, *to wit:* upon completion of the thirty (30) day period of active suspension, the respondent shall be conditionally reinstated to the practice of law in Indiana subject to the successful completion of one (1) year of probation. That one-year period of probation shall require the respondent to abide by the following terms and conditions:

1. The respondent shall not engage in any illegal conduct involving any controlled substance or alcohol.

2. The respondent shall submit to periodic, random drug screen urinalysis testing conducted by a duly qualified provider of such services that is satisfactory to the Commission. Such tests shall be conducted at least five (5) times per month during the term of probation. The respondent shall arrange to have written reports of such testing promptly submitted to the Commission.

3. The respondent consent to the release to the Commission of any and all records

---

1. *See, e.g., Matter of Jones,* 515 N.E.2d 855, 856 (Ind.1987) (possession of illegal drugs by an attorney "indicates an inevitable contact with the chain of distribution and trafficking of illegal drugs ... [t]he impact [of which] is of such severity that it affects adversely the public's perception of Respondent's fitness to be an officer of the Court.)" *See also Matter of Wright,* 648 N.E.2d 1148 (Ind.1995) (lawyer convicted of possession of cocaine found to have violated Prof. Cond.R. 8.4(b)); *Matter of Stults,* 644 N.E.2d 1239 (Ind.1994) (same).

relating to the testing of the respondent for drugs or alcohol. This consent will be automatically revoked at the conclusion of the term of probation.

4. The respondent shall immediately report to the Commission, in writing, any failure to comply with any of the terms of probation, and specifically identify the type and circumstances of the failure of compliance.

In the event it is established that the respondent has violated the terms of probation, the stayed portion of the period of suspension shall be imposed to be served by the respondent as an active suspension. Upon serving the stayed portion of the period of suspension following the revocation of probation, the respondent's reinstatement to the practice of law in Indiana shall be on a non-automatic basis. Any period of active suspension imposed as a result of the revocation of the respondent's probation shall be in addition to any other sanction imposed on the respondent for the conduct resulting in the revocation of the probation.

The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the clerk.

Costs of this proceeding are assessed against the respondent.