In the Matter of Dan L. CLAYTON.

No. 49S00–0008–DI–493.

Supreme Court of Indiana.

Nov. 15, 2002.

Bruce A. Kotzan, Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Fredrick L. Rice, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

Dan L. Clayton, an attorney admitted to practice law in this state in 1971, committed several acts of misconduct, which he attributes to addiction to alcohol and certain prescription drugs. Today, we suspend him from the practice of law.

■ The Disciplinary Commission filed a five-count complaint for disciplinary action against the respondent on August 23, 2000. A hearing officer appointed by this Court, pursuant to Ind. Admission and Discipline Rule 23, Section 11(b), conducted an evidentiary hearing on the charges and has now tendered to this Court his findings and conclusions. The Commission has petitioned us for review of those findings, arguing that the hearing officer's failure to find violations of all charged rule violations was erroneous. Where a party petitions this Court for review of the hearing officer's report, our review is *de novo* in nature and entails a review of the entire record before us. *Matter of Wilder,* 764 N.E.2d 617 (Ind.2002).

■ As to Count 1, we find that the respondent settled a personal injury claim for his clients and deposited the settlement check in his trust account. Pursuant to his agreement with the clients, the respondent was to pay a subrogation lien owed to an insurance company. The respondent failed to pay the subrogation lien and his trust account subsequently was closed with a zero balance.

The hearing officer found the respondent violated Ind. Professional Conduct Rule 1.15(b), by failing promptly to deliver funds in payment of the subrogation lien to the insurance company. The hearing officer did not find violations of Prof. Cond.R. 8.4(b) and 8.4(c), which prohibit attorneys from engaging in criminal conduct that reflects adversely on the attorney's honesty, trustworthiness, or fitness as an attorney in other respects and conduct involving dishonesty, fraud, deceit or misrepresentation. The Commission challenges the hearing officer's failure to find violations of these two provisions.

■ The respondent testified that he used settlement funds in his trust account earmarked for the payment of the subrogation lien to pay his operating expenses, though he contends he intended to repay the funds. Criminal conversion requires the knowing exertion of unauthorized control over the property of another. IC 35–43–4–3. The respondent's testimony establishes conversion of the insurance company's funds. We therefore conclude that the respondent violated Prof.Cond.R. 1.15(b), 8.4(b) and 8.4(c) by not promptly delivering funds to the insurance company and by knowingly converting those funds to his own use without authorization.

Under Count 2, the Commission charged the respondent with failing to pay funds owed to a client from the settlement of a claim. The hearing officer found the evidence submitted by the Commission established only that the respondent deposited a settlement check into his trust account, but did not pay a subrogation lien before closing the account. We accept the hearing officer's conclusion that these facts do not demonstrate by clear and convincing evidence that the respondent violated Prof. Cond.R. 8.4(b) and 8.4(c).

·The Commission dismissed Count 3 of the *Verified Complaint*.

■ Under Count 4, we find that on May 11, 2000, the Commission served on the respondent a subpoena pursuant to Admis.Disc.R. 23, Section 9(f), in conjunction with its investigation of the respondent. The respondent failed to respond to the subpoena. We find that the respondent violated Prof.Cond.R. 8.1(b), which requires attorneys to respond to lawful demands for information from the Commission.

■ Under Count 5, we find that clients hired the respondent to represent them in a medical malpractice claim against a hospital. The hospital served the respondent with interrogatories and a request for production of documents. The respondent did not respond to these discovery requests. The hospital filed motions to dismiss and to compel, which the court set for hearing. The court also issued an order requiring that the discovery be provided within 20 days. Subsequently, the clients informed the court that they had discharged the respondent. The court ordered the respondent to withdraw within sixty days and, if he failed to do so, the matter would be set for a contempt hearing. The respondent neither ·withdrew nor appeared at the contempt hearing and the court· found the respondent in contempt. Shortly thereafter, the Commission served a request on the respondent to answer a grievance related to his representation of the clients in this case. The respondent failed to reply.

By his conduct under Count 5, we find that the respondent violated Prof.Cond.R. 1.16(a)(3), which requires an attorney to withdraw from representation upon being discharged; Prof.Cond.R. 3.2, which requires an attorney to make reasonable efforts to expedite litigation; Prof.Cond.R. 3.4(c), which provides that an attorney shall not knowingly disobey.an obligation under the rules of a tribunal; Prof.Cond.R. 8.4(d), which prohibits an attorney from engaging in conduct prejudicial to the administration of justice; and Prof.Cond.R. 8.1(b), which requires attorneys to respond to lawful demands for information from the Commission.

■ We must now determine an appropriate sanction for the respondent's misconduct. The hearing officer recommends a ninety-day suspension, with reinstatement subject to two years of probation. The hearing officer cites the respondent's professed addiction problem and treatment as extenuating circumstances. The Commission argues that an appropriate sanction is a suspension from the practice of law for between six and eighteen months.

In cases where alcohol or drug problems led to arrests and convictions of attorneys, but did not directly involve their law practice, probationary sanctions have been imposed. See, e.g., *Matter of Martenet,* 674 N.E.2d 549 (Ind.1996) (Six month suspension, conditionally stayed for twelve months provided the respondent continue in an alcohol abuse aftercare program, in case involving three convictions for operating a vehicle while intoxicated); *Matter of Kummerer,* 714 N.E.2d 653 (Ind.1999) (Six month suspension, the first thirty days served, the balance conditionally stayed upon completion of one year probation, in case involving purchase and possession of cocaine); *Matter of Haith,* 742 N.E.2d 940 (Ind.2001) (Twelve month suspension, conditionally stayed upon two years probation, in case involving three convictions for operating a vehicle while intoxicated, two of which involved personal injury).

In this case, the respondent's violations were not simply substance abuse, but ethical violations related directly to his performance as an attorney. We therefore find

that a purely probationary sanction is inadequate here. See, e.g., *Matter of Gemmer*, 679 N.E.2d 1313 (Ind.1997) (One year suspension, without automatic reinstatement, with any reinstatement subject to treatment and restitution, in case involving criminal conversion where hearing officer found conduct likely an outgrowth of depression, alcoholism and gambling); *Matter of Ragland*, 697 N.E.2d 44 (Ind.1998) (Six month suspension, with future reinstatement subject to one year probation, in case involving five counts of use of client funds for respondent's own purposes amid allegations of chemical and alcohol dependency contributing to misconduct).

It is clear that the respondent has a serious addiction problem and that treatment has been an ongoing challenge for him. By his own admission, the respondent's addictions are directly linked to his misconduct. That he recognizes the connection is commendable, but does not diminish the seriousness of his misconduct or our duty to protect the public and the profession from it. We therefore conclude that the respondent's conduct warrants a suspension from the practice of law, and that any future entitlement to practice law must be conditioned upon continued treatment for his addictions.

It is therefore, ordered that the respondent, Dan L. Clayton, is suspended from the practice of law in this state for a period of six (6) months, without automatic reinstatement, effective December 31, 2002. Any reinstatement of the respondent will likely be subject to a two (2) year probationary period requiring the respondent to continue in addiction treatment and pay restitution.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

Costs of this proceeding are assessed against the respondent.