**In the Matter of Albert E. MARSHALL, Jr.**

No. 45S00–9603–DI–251.

Supreme Court of Indiana.

June 6, 1997.

Albert E. Marshall, Pro Se.

Donald R. Lundberg, Executive Secretary, Dennis K. McKinney, Staff Attorney, Indianapolis, for The Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

This matter comes before us on the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* by which the Commission charges respondent Albert E. Marshall, Jr., with eight counts of attorney misconduct, including forgery and conversion of client funds. Pursuant to Ind.Admission and Discipline Rule 23(11)(b), this Court appointed a hearing officer who, after evidentiary hearing, submitted his findings of fact and conclusions of law, therein finding that respondent engaged in misconduct as charged. Respondent has petitioned this Court for review of the hearing officer's findings and recommen-

dation, pursuant to Admis.Disc.R. 23(15).[1] This matter is now before us for final resolution.

Respondent was admitted to practice law in this state in 1979. In Count III of the *Verified Complaint,* the Commission alleged that respondent converted client funds to his own use. We now find that on August 1, 1993, a mother retained respondent to represent her son against a charge of auto theft. Although the mother posted a bond to have her son released from jail, other pending charges precluded his release. On November 24, 1993, respondent filed an *Assignment of Bond* along with an affidavit of lost receipt with the trial court to transfer the rights to the bond money from the mother to respondent. The *Assignment* and affidavit each bore signatures purported to be the son's. Although each document was notarized, such notarization was based on respondent's assurance to the notary public that the signatures were authentic. In fact, the son did not sign either document, nor had he authorized respondent to sign them on his behalf. Respondent later collected the bond money. We find that by converting the bond funds to his own use, respondent violated Ind.Professional Conduct Rule 8.4(b).[2] By his misrepresentation of the son's signature on the *Assignment* and affidavit, respondent violated Prof.Cond.R. 8.4(c).[3]

Pursuant to Count I, we now find that on April 23, 1993, respondent agreed to represent a client against a traffic citation issued in Illinois. Despite speaking with the client before court hearings scheduled for May 25, May 26, and May 27, 1993, respondent failed to appear at any of the hearings. We find that respondent violated Prof.Cond.R. 1.3 by failing to act with reasonable diligence and promptness while representing a client.[4]

---

1. Respondent requests only that this Court "review" the hearing officer's findings and recommendation, but fails to make any specific argument as to perceived error in the report.

2. Professional Conduct Rule 8.4(b) provides:
 It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

3. Professional Conduct Rule 8.4(c) provides:
 It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

4. Professional Conduct Rule 1.3 provides:
 A lawyer shall act with reasonable diligence and promptness in representing a client.

Under Count II, we now find that on September 24, 1992, respondent was appointed appellate public defender for a defendant's contemplated appeal of a criminal conviction. Over a period of approximately one year, the defendant sent six letters to respondent seeking information about the status of his appeal. Respondent failed to respond. Later, respondent failed to inform the defendant that on June 28, 1993, the Indiana Court of Appeals affirmed his conviction. The defendant did not learn of that decision until the clerk of the Court of Appeals so informed him on November 15, 1993, in response to his specific inquiry. We find that respondent violated Prof.Cond.R. 1.4 by failing to keep the defendant adequately advised as to the status of his case, failing to respond to his reasonable requests for information, and failing to inform the defendant of the affirmation of his conviction so that he could make informed decisions regarding the representation.[5]

Under Count IV, we now find that on September 15, 1993, a client hired respondent to represent him in a dissolution action pending in Michigan. Respondent agreed to conduct pre-hearing negotiations on behalf of his client and, in the stead of his client, appear at a hearing on March 11, 1994. Respondent, however, was not licensed to practice law in Michigan. He failed to ever enter an appearance in the case and did not appear at the March 11 hearing, resulting in a default judgment of divorce being entered against the client. We find that respondent violated Prof.Cond.R. 1.2(e) by failing to advise his client that he was not licensed to practice law in Michigan;[6] that he violated Prof.Cond.R. 1.3 by failing to resolve his client's case with opposing counsel or to arrange to have Michigan counsel appear on behalf of the client at the March 11, 1994, hearing; and that he violated Prof.Cond.R. 8.4(c) by misrepresenting to his client that he

would appear at that hearing when he was not admitted to practice law in Michigan.

Pursuant to Count V, we now find that on January 3, 1992, respondent was appointed appellate public defender to appeal a criminal defendant's conviction. Respondent thereafter failed to respond to the defendant's requests for information about his case. Later, the Indiana Court of Appeals dismissed the appeal due to respondent's failure to file an appellant's brief. Some eleven months later, respondent managed to secure from the court permission to file a belated appeal. Despite the appeal, the court affirmed the criminal conviction on December 6, 1993. As of December 30, 1995, respondent had not informed the defendant of that decision. The defendant ultimately learned of the Court of Appeals' decision too late to seek rehearing or transfer. We find that the respondent violated Prof.Cond.R. 1.3 by failing to file a timely appeal and then by waiting nearly one year before seeking permission to file a belated appeal. By failing to inform the defendant of the initial dismissal of his appeal, failing to inform and keep him apprised of the belated appeal, and failing to respond to his requests for information, respondent violated Prof.Cond.R. 1.4(a). By failing to inform the defendant of the affirmation of his conviction, respondent violated Prof.Cond.R. 1.4(b).

As to Count VI, we now find that respondent was appointed appellate public defender for a criminal defendant on March 4, 1994. The Court of Appeals affirmed the defendant's criminal conviction on October 30, 1995; respondent, however, failed to inform him of the court's decision. Although the defendant later learned of the affirmation of his conviction through his own contact with the clerk of the court, the notification was too late for the defendant to seek rehearing or transfer. We now find that respondent vio-

---

**5.** Professional Conduct Rule 1.4 provides:

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

**6.** Professional Conduct Rule 1.2(e) provides:

When a lawyer knows that a client expects assistance not permitted by the Rules of Professional Conduct or other law, the lawyer shall consult with the client regarding relevant limitations on the lawyer's conduct.

lated Prof.Cond.R. 1.4 by failing to keep the defendant advised of the status of his appeal, failing to respond to his requests for information, and failing to inform him of the court's decision to affirm his conviction.

In Count VII, we now find that a client retained respondent for representation regarding a child support obligation. He paid respondent a $300 retainer. Although respondent entered an appearance and attended an initial hearing, he later failed to attend a pretrial conference, resulting in a default judgment being entered against the client. By letter dated October 24, 1994, the client discharged respondent and requested return of materials in his file. Respondent did not withdraw his appearance and failed to return to the client any items from the file. We find that respondent's failure to attend the pretrial conference violated Prof.Cond.R. 1.3. Respondent violated Prof.Cond.R. 1.16(d) by, after his discharge, failing to return to his client file materials to which the client was entitled.[7]

Pursuant to Count VIII, we now find that on May 6, 1994, respondent was appointed appellate public defender to appeal a defendant's criminal conviction. On December 9, 1994, the defendant received a copy of the appellee's brief, together with a cover letter from respondent stating that respondent would keep the defendant informed of any developments. On December 19, 1994, the defendant requested from respondent a copy of the appellant's brief filed on his behalf which respondent had promised to send to the defendant. On April 13, 1995, the Court of Appeals affirmed the defendant's criminal conviction. Respondent failed to inform the defendant of that decision and failed to forward to him a copy of appellant's brief as promised. Defendant first learned of the court's decision from the Commission after he had filed a grievance against respondent on October 20, 1995. At that time, the periods for seeking rehearing and transfer had expired. We now find that respondent vio-

lated Prof.Cond.R. 1.4 by failing to keep the defendant advised as to the status of his appeal, failing to respond to his reasonable requests for information, and failing to inform him of the court's decision affirming his conviction.

### Sanction

 Having found misconduct, we must now decide on an appropriate sanction. In so doing, we examine the nature of the misconduct, the actual or potential injury flowing from the misconduct, the respondent's state of mind, the duty of this Court to protect the integrity of the profession, the potential injury to the public in permitting the respondent to continue in the profession, and any mitigating or aggravating factors. *In re Drozda*, 653 N.E.2d 991 (Ind.1995), *In re Cawley, Jr.*, 602 N.E.2d 1022 (Ind.1992). The hearing officer recommended suspension from the practice of law for a period of two years, in large part due to the fact that respondent resorted to forgery to obtain a client's bond proceeds. We note further that respondent's entire pattern of misconduct is otherwise similarly permeated by other instances of deceit and willful misrepresentation. Further, clients relying on respondent's legal assistance suffered loss of legal rights due to his inaction. Most seriously affected, perhaps, were the criminal defendants whose opportunities for reconsideration of criminal convictions expired while their cases languished in respondent's hands. The public's confidence in the integrity of the legal profession has no doubt been eroded due to respondent's misconduct. The record in this case reveals no mitigating factors beyond the fact that respondent has not been disciplined before by this Court. In light of these considerations, were are convinced that a lengthy suspension is warranted and thus agree with the hearing officer's recommendation for sanction.

---

7. Professional Conduct Rule 1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering pa-

pers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

It is, therefore, ordered that respondent Albert E. Marshall, Jr. be suspended from the practice of law for a period of not less than two years, beginning July 11, 1997, after which he may petition this Court for reinstatement, provided he meets the requirements of Admis.Disc.R. 23(4). The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against respondent.

All Justices concur.