FOR THE RESPONDENT FOR THE INDIANA SUPREME COURT

     DISCIPLINARY COMMISSION

I. Marshall Pinkus
 
 Donald R. Lundberg, Executive Secretary

710 Century Building
 Seth Pruden, Staff Attorney

36 South Pennsylvania St. 
 115 West Washington Street, Ste. 1060 

Indianapolis, IN 46204
 Indianapolis, IN 46204

 
 

IN THE

SUPREME COURT OF INDIANA

IN THE MATTER OF  )

  )  Case No. 49S00-9705-DI-297

MICHAEL A. FLEENER  )

___________________________________________________________________

DISCIPLINARY ACTION

___________________________________________________________________

February 15, 1999

Per Curiam

The respondent, Michael A. Fleener, has admitted stealing $11,000 from Child Advocates, Inc., while acting as its Executive Director.  Today we are asked to accept an agreement to suspend his license to practice law for at least two years for that misconduct.

The respondent was admitted to practice law in Indiana on October 15, 1990, and, therefore, is subject to the disciplinary authority of this Court.  He and the Indiana Supreme Court Disciplinary Commission have tendered a 
Statement of Circumstances and Conditional
 
Agreement for Discipline
 in which the following facts are admitted.

In 1995, while serving as the executive director of Child Advocates, Inc., a not-for-profit organization operating in Indianapolis, the respondent used $3,893.05 of the agency’s funds for a down payment on a personal vehicle.  On April 17, 1996, he took $2,000 in agency funds for the purported purpose of buying a computer for the agency but instead retained the funds for personal use.  On May 25, 1996, a burglary was reported at Child Advocates, Inc., and the respondent falsely reported to the police that the non-existent computer allegedly purchased the previous month had been stolen. 

Police discovered the respondent’s deceit, and he was charged in the Marion Superior Court in June 1996 with two counts of theft, a class D felony, and one count of false informing, a class B misdemeanor.  He entered into a plea agreement under which he agreed to plead guilty to theft in exchange for the dismissal of the two remaining charges.  He was sentenced to 365 days in jail, with 185 days suspended and 180 days to be served on home detention.  He also was sentenced to 180 days probation and ordered to pay restitution to Child Advocates, Inc.   

On the basis of that conviction, this Court suspended the respondent 
pendente lite
 on July 1, 1997.  The Disciplinary Commission filed its 
Verified Complaint for Disciplinary Action
 December 5, 1997, alleging the respondent’s commission of the theft and false reporting violated Ind.Professional Conduct Rule 8.4(b), which establishes as misconduct a lawyer’s commission of criminal acts that reflect adversely on the lawyer’s honesty, trustworthiness or fitness to practice law in other respects.  The complaint further alleged that the respondent violated Prof. Cond.R. 8.4(c), which prohibits attorneys from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.  The respondent admits these violations. 

We find that the respondent violated both Prof.Cond.R. 8.4(b) and 8.4(c) through his criminal conduct.  Accordingly, we must determine what sanction is appropriate under these circumstances.

The respondent has shown a propensity for deceit and a repeated willingness to misuse his fiduciary role for illicit personal gain.  While leading a not-for-profit agency whose purpose is to assist children in need, the respondent stole agency monies to buy himself a car.  He later lied to the agency’s board members to enable him to steal additional money from the agency.  He then concocted a fictitious theft and lied to police about it to camouflage his wrongdoing.   While any theft of money by an attorney is serious misconduct, the respondent’s willingness to steal funds which should have been used to benefit needy children is particularly reprehensible.  Those thefts, and his scheme to prevent their detection, show the respondent lacks the integrity and honesty critical to the ethical practice of law.   

The parties propose a two-year suspension from the practice of law, retroactive to the date of the respondent’s suspension 
pendente lite
 on July 1, 1997.  Such a sanction is consistent with other attorney discipline cases in which the gravamen of the misconduct is theft of money. 
 See
, 
e.g.
, 
Matter of Gemmer
, 679 N.E.2d 1313 (Ind. 1997) (one-year suspension and mandatory alcohol counseling for stealing $22,000 from VFW post where respondent was officer); 
Matter of
 
Marshall
, 680 N.E.2d 1098 (Ind. 1997) (two-year suspension for stealing client bond proceeds); 
Matter of Manns
, 685 N.E.2d 1071 (Ind. 1997) (three-year suspension for stealing $20,000 from husband’s client in bogus investment scheme).  We believe a two-year suspension is commensurate with the severity of the misconduct in this case.

Accordingly, this Court orders that the respondent, Michael A. Fleener, be suspended from the practice of law for two years beginning on the date of his suspension 
pendente lite
 on July 1, 1997.  At the conclusion of that period, he may petition this Court for readmission to the bar of this state, provided he can satisfy the conditions set forth in Admis.Disc.R. 23.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

Shepard, C.J., and Sullivan, Selby, and Boehm, JJ., concur.  

Dickson, J., dissents and would disbar the respondent.