**In the Matter of Allan G. LOOSEMORE, Jr.**

No. 82S00–0105–DI–250.

Supreme Court of Indiana.

July 29, 2002.

No appearance for the Respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

Because he helped himself to funds he should have been holding in trust for his client and third-party creditors, we conclude today that the respondent, Evansville attorney Allan G. Loosemore, Jr., should be suspended from the practice of law for at least three years.

The Disciplinary Commission filed a verified complaint for disciplinary action against the respondent on May 23, 2001, and served a summons and complaint upon the respondent at his addresses as reflected in the Roll of Attorneys. Pursuant to Ind.Admission and Discipline Rule 23(14), a respondent to a disciplinary complaint must answer the complaint within 30 days after service of the summons and complaint (unless additional time to respond has been procured by motion); otherwise, the allegations in the complaint shall be taken as true. Admis.Disc.R. 23(14)(c). Pursuant to that rule, the Commission has now filed its *Verified Petition for Judgment on the Complaint*, therein stating the respondent has not answered its complaint and summons. Upon that petition, the hearing officer appointed by this Court to hear this matter concluded that the respondent was properly served with the summons and complaint, and that judgment on the complaint should issue. Accordingly, we adopt the hearing officer's findings relative to the complaint, as recounted herein.

The respondent was admitted to the bar of this state in 1981, but has been administratively suspended from the practice of law since May 20, 2001, for failure to pay attorney registration fees and comply with continuing legal education requirements. Since July 26, 2001, he has been suspended *pendente lite* upon consent pending the outcome of this proceeding.

We now find that the respondent represented a client in a personal injury matter. Upon obtaining a settlement on the client's behalf, he deposited the $40,000 proceeds (made payable by the defendant insurer to the respondent, the client, a medical creditor, and a subrogated insurer) into an account designated as his client trust account. In fact, the account was not a valid trust account because it was not in an approved trust account depository as required by Admis.Disc.R. 23(29)(a)(1). At the time of the deposit, the account was overdrawn by $522.74.

The respondent did not advise the client, the medical creditor, or the insurer of receipt of the funds, nor did he remit any of the proceeds to them. Instead, without the client's permission, he wrote 12 checks to himself for a total of $14,660, a check to his wife for $3,800, two checks for rent for $1,845, a check to a gas station for $9.07, and six other checks for obligations not related to the client. The account's balance later fell to $1,051.61.

One week later, the respondent paid to his client $30,000, using a cashiers' check from another bank. The medical creditor and subrogated insurer have not received any of the funds to which they were entitled from the settlement.

We find that the respondent violated Ind. Professional Conduct Rule 1.15(a) by failing to safekeep his client's funds. He violated Prof.Cond.R. 1.15(b) by failing promptly to deliver to his client funds she was entitled to receive. He violated Prof. Cond.R. 8.4(b) by committing criminal acts, theft and conversion, that reflect adversely on his honesty, trustworthiness or fitness to practice law in other respects. He violated Prof.Cond.R. 8.4(c) by engaging in conduct involving dishonesty. He violated Admis.Disc.R. 23(29)(a)(1) by placing client and third party funds in an account that was not in an approved trust account depository.

Having found misconduct, we now turn to the issue of proper sanction, noting in this regard that the hearing officer recommended the respondent's disbarment. The unauthorized use of client funds for personal benefit is extremely serious misconduct. Similar instances of misconduct have garnered lengthy suspensions short of disbarment, but with reinstatement expressly conditioned upon formal petition to this Court. *See, e.g., Matter of Fleener*, 705 N.E.2d 994 (Ind.1999) (suspension of not fewer than two years for false police report and theft of $11,000 from non-profit organization for which the lawyer served as Executive Director); *Matter of Quinn*, 738 N.E.2d 678 (Ind.2000) (suspension for not less than one year for knowingly allowing trust account balances to fall below an amount sufficient to satisfy obligations to clients and third parties, in part by drawing checks on the trust accounts for personal expenditures); *Matter of Kouros*, 735 N.E.2d 202 (Ind.2000) (suspension for not less than one year for temporary use of clients' funds held in trust, for purposes unrelated to the clients, without clients' knowledge or consent); *Matter of Knobel*, 699 N.E.2d 1142 (Ind.1998) (suspension for not fewer than three years for use of funds belonging to clients for purposes unrelated to those clients); *Matter of Towell*, 699 N.E.2d 1138 (Ind.1998) (suspension for not fewer than 18 months for use of escrowed client funds to pay obligations of another client, without authorization from client whose funds were being held in escrow); *Matter of Manns*, 685 N.E.2d 1071 (Ind. 1997) (suspension for not fewer than three years for conversion of investor's funds). In light of precedent and the length of the respondent's suspension so far, we find that a minimum of a three-year additional suspension is appropriate in this case, with any reinstatement expressly subject to formal petition to this Court.

It is, therefore, ordered that the respondent, Allan G. Loosemore, Jr., is hereby suspended from the practice of law for a period of not fewer than three (3) years, effective immediately. In order to become reinstated to the practice of law, the respondent must satisfy the requirements of Admis.Disc.R. 23(4).

The Clerk of this Court is further directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to the hearing officer, and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

DICKSON, SULLIVAN, and RUCKER, JJ., concur.

SHEPARD, C.J., dissents, with BOEHM, J., joining in the dissent.

SHEPARD, Chief Justice, dissenting.

Resolving this particular case by imposing a three-year suspension bears a resemblance to the story of the blind men and the elephant.

On the face of it, today's charge largely involves using a client's settlement proceeds for something else and then finally paying the client back with a cashier's check.

Information available in the public domain, however, makes it apparent that today's charge is but a small piece of a lengthy story of massive financial misconduct involving hundreds of thousands of dollars. Respondent has apparently robbed Peter to pay Paul over a period of several years in order to feed a serious addiction to gambling.

As a result, there have been multiple criminal indictments, arrests, and civil complaints for damages filed in several counties. *See, e.g.,* D. Hosick, "Lawyer Facing Charges for Mishandling Funds Arrested Again," Evansville Courier & Press, Oct. 25, 2001; B. Rohrig, "New Charges Filed Against Local Lawyer," Evansville Courier & Press, May 29, 2002; *State v. Loosemore,* No. 82C01–0110–CF–916 (13 counts of forgery, theft, and credit card fraud).

It appears that none of these criminal or civil cases has come to rest, and probably will not do so until Respondent, jailed since last October, returns from a gambling addiction facility. *Id.* Until these multiple charges are actually resolved somehow, we cannot take them as true. At the very least, their existence militates against disposing of this disciplinary case on the basis of a single count of misconduct.

Allan Loosemore spent a good many years as a productive member of the profession, and the best outcome for him in this proceeding would have been resignation. He has not resigned, however, and indeed has indicated he expects to be disbarred. Rohrig, *supra.* Likewise, this Court's hearing officer recommended he be disbarred.

In light of the Respondent's publicly-declared expectation of disbarment, the hearing officer's recommendation of disbarment, Loosemore's failure to oppose the recommendation of disbarment, and the state of the public record about the probable scale of the actual misconduct, I think the Court makes a mistake when it says, "No, disbarment is too harsh, three years is about right."